Ronnie Mack **LAWSON**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0186–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 12, 1985.

Rehearing Denied Oct. 3, 1985.

Joan E. Scroggins, Caldwell, for appellant.

Charles E. Sebesta, Jr., Burleson County Dist. Atty., Caldwell, for appellee.

Before EVANS, C.J., and SAM BASS and HOYT, JJ.

OPINION

SAM BASS, Justice.

Appellant was convicted by a jury of aggravated sexual assault and punishment was assessed at life imprisonment and a $10,000 fine. The appellant asserts eight grounds of error, centered on the admissibility of the videotaped statement of a child made pursuant to article 38.071 of the Texas Code of Criminal Procedure.

We reverse and remand.

The complainant and her mother lived in Somerville, Texas. In March 1984, Ms. Carey left the child and went to buy some soup. Upon returning home, the back door was open and the child was crying and stated that she was hurt. The police were called and upon their arrival they questioned Carey and the child and took them to a hospital in Bryan, Texas. The doctor who examined the child indicated that the child had been sexually assaulted. The appellant was charged and arrested the next day.

On two occasions, after the alleged incident, the child was questioned by a female Somerville police officer. The officer used the information gathered to formulate a set of questions for a videotaped statement which was made on May 1, 1984, 51 days after the appellant's arrest.

Article 38.071 of the Texas Code of Criminal Procedure controls the use of a child's videotaped statement:

Section 1. This article applies only to a proceeding in the prosecution of an offense, including but not limited to an offense under Chapter 21, Penal Code, as amended, or Section 43.25, Penal Code, as amended, alleged to have been committed against a child 12 years of age or younger, and applies only to the statements or testimony of that child.

Sec. 2. (a) The recording of an oral statement of the child made before the proceeding begins is admissible into evidence if:

(1) no attorney for either party was present when the statement was made;

(2) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(3) the recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;

(5) every voice on the recording is identified;

(6) the person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(7) the defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) the child is available to testify.

(b) If the electronic recording of the oral statement of a child is admitted into evidence under this section, either party may call the child to testify, and the opposing party may cross-examine the child.

Tex.Code Crim.P.Ann. art. 38.071 (Vernon Supp.1985).

The State offered a videotape recording of the child's statement into evidence. Appellant objected to the admission of this evidence, by grounds of error 2, 4 and 7, and complained: (1) that it was made after the proceedings began; (2) that the trial court failed to determine whether the child was competent to testify; and (3) that he was not given an opportunity to cross-examine the child.

No definitions are included within article 38.071. The interpretation of words should be construed according to the connotative meanings of the words within the article itself. The term "proceeding" has been interpreted on several occasions. We have found only one case interpreting the statutory term under article 38.071. In *Jolly v. State,* 681 S.W.2d 689 (Tex.App.— Houston [14th Dist.] 1984, pet. granted),

the court held that the term "proceeding," as used in sec. 2 of the statute, meant before the trial begins.

We decline to follow *Jolly*, and hold instead that the term "proceeding" as used in the statute, encompasses the entire legal process from the initiation of the "criminal action." *See Wade v. State*, 572 S.W.2d 533, 534 (Tex.Crim.App.1978) (defining "criminal action" as the time the accused is arrested). We believe the legislature intended sections 1 and 2 to establish a statutory method for taking a videotaped statement of a child as an investigatory aid, and to allow the statement to be used in evidence if the statutory prerequisites were complied with. *See Lawson v. State*, 697 S.W.2d 799 (Tex.App.—Houston [1st Dist.], 1985) Sections 3 and 4 of the statute obviously provide for the procedures to be followed after the criminal action is commenced. When the statute is interpreted in this manner, the constitutional requirements of due process may be given appropriate recognition. *See Tolbert v. State*, 697 S.W.2d 812 (Tex.App.—Houston [1st Dist.], 1985).

■ Here, the child's videotaped statement was made 51 days after the proceedings were commenced. We conclude that the taking of the statement did not comply with the provisions of article 38.071, section 2(a), as set forth in appellant's ground of error 2. We sustain appellant's ground of error 2.

■ We also conclude that the court failed to make a proper determination of the child's competency. A witness, whether a child or an adult, must be competent to testify as a witness in a criminal proceeding. *Watson v. State*, 596 S.W.2d 867 (Tex.Crim.App.1980); Tex.Code Crim.P. Ann. art. 38.06 (Vernon 1979). The competency of a child as a witness is ordinarily a question of fact to be determined by the court and not by the jury. *Rocha v. State*, 148 Tex.Crim. 237, 186 S.W.2d 267 (1945).

From the record, there were no less than 10 occasions when the appellant objected to the videotaped statement of the child. The appellant requested that the trial court determine the child's competency to testify before the videotape be shown to the jury. On each and every occasion the court stated that it would determine the "competency" of the child as a witness.

■ The judge stated that he did not believe article 38.071 and article 38.06, dealing with competency of a witness, were tied together. But during pre-trial motions the court agreed to examine the child to determine her competency. This examination never occurred. No ruling was ever made concerning the child's competency at the time the making of the videotape, nor at any time during the course of trial. The competency requirements of article 38.06 apply to article 38.071. A witness making a videotaped statement must be competent to testify, both at the time of the making of the videotape and at the time of trial. Here, the court erred in failing to determine the competency of the child, outside the presence of the jury, and before the presentation of the videotape to the jury. We sustain appellant's ground of error 4.

■ We further hold that the trial court erred in refusing to allow the appellant to cross-examine the child during the state's case. The court stated, "I am going to allow you to cross-examine, *or place the child on the witness stand*, but not during the course of the State's case. That is, after the State has rested, *I will give you an opportunity to put the child on the witness stand if you still want to*, but not at this time". (emphasis added).

There is a distinct difference between being allowed to "cross-examine" and "to place the child on the witness stand." In cross-examination there is a right to lead, and the examiner is not bound by the testimony received.

It has long been the cardinal rule that, during the course of a criminal trial, the accused party has the right to confront the witness against him. *Harris v. State*, 642 S.W.2d 471 (Tex.Crim.App.1982). The exercise of this right must not unreasonably

be delayed in order that the accused may cross-examine while the testimony is fresh in the minds of counsel and the jurors. When the State offered the videotaped statement of the child into evidence, the appellant was entitled to cross-examine the witness, either after the completion of the presentation of the statement, or at the earliest practical moment thereafter. It was error for the court to require the appellant to delay cross-examination until the presentation of defense evidence. We sustain appellant's ground of error 7.

The appellant argues in ground of error 8 that there is no evidence to support a finding of guilt. This court finds that any rational jury, viewing the evidence in a light most favorable to the State, could have been convinced beyond a reasonable doubt that the defendant was guilty. *Carlsen v. State*, 654 S.W.2d 444, 448 (Tex. Crim.App.1983) (op. on reh'g).

We do not need to address appellant's grounds attacking the facial constitutionality of the statute. Another panel on this court has addressed this issue in a similar case. *Tolbert v. State, supra* (holding the statute to be facially constitutional).

The appellant has also asserted other grounds of error, but in view of the disposition of the case, it is unnecessary to address these additional grounds. *Froyd v. State*, 633 S.W.2d 884 (Tex.Crim.App. 1982).

We reverse and remand for a new trial.