**Robert Frank LAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0493–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 12, 1985.

Rehearing Denied Oct. 10, 1985.

---

**800**

Joan E. Scroggins, Caldwell, for appellant.

Charles J. Sebesta, Jr., Burleson County Dist. Atty., Caldwell, for appellee.

Before DUGGAN, WARREN and HOYT, JJ.

## OPINION

DUGGAN, Justice.

Appellant was convicted in a non-jury trial of aggravated sexual abuse of a four year old female complainant, and his punishment was assessed at 40 years confinement. Tex.Penal Code Ann. secs. 22.-011(a)(2)(A) & 22.021(a)(5) (Vernon Supp. 1985). On appeal, his 12 grounds of error center on the admissibility of the videotaped statement of the complainant made pursuant to Tex.Code Crim.P.Ann. art. 38.-071 (Vernon Supp.1985). Our ruling sustaining appellant's second ground is dispositive of the appeal.

On March 9, 1984, the complainant lived with her mother in Somerville. The child suffered from severe diarrhea and vomiting during the late evening, and at about 10:30 p.m., her mother left her alone at home and walked to the grocery store to buy soup for the child.

When the mother returned home, she discovered the back door to the house open, and the complainant "crying and in pain and telling me that she was hurt." Based on what the child told her mother, the latter asked a neighbor to call the police, who arrived shortly, questioned the mother and the complainant, and took them to a hospital in Bryan for a rape kit preparation. The doctor who examined the child indicated that she had been sexually assaulted. Based on what the child told the investigating officers, appellant and his brother were arrested and charged the next day. The two men were well known to both the complainant and her mother.

The complainant was questioned on March 12 and March 22 by Glenda Faye Johnson, a Somerville reserve police officer, who was the wife of the Somerville police chief who conducted the investigation. Mrs. Johnson used information gathered at these two interviews as preparation for the questions she asked the complainant in the videotaped interview in question, conducted on May 1.

At the time of recording the child's statement, Mrs. Johnson operated the video equipment and conducted the interview. No other persons than Mrs. Johnson and the complainant were present in the room while the videotaped questioning took place.

By his second ground of error, appellant asserts that the trial court erred in admitting the child's videotaped statement because the recording was made *after the proceeding began,* contrary to the prohibition of art. 38.071(2)(a). Art. 38.071 provides in sections 1 and 2 as follows:

Section 1. This article applies only to a proceeding in the prosecution of an offense, including but not limited to an

offense under Chapter 21, Penal Code, as amended, or Section 43.25, Penal Code, as amended, alleged to have been committed against a child 12 years of age or younger, and applies only to the statements or testimony of that child.

Section 2. (a) The recording of an oral statement of the child *made before the proceeding begins* is admissible into evidence if:

(1) no attorney for either party was present when the statement was made;

(2) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(3) the recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;

(5) every voice on the recording is identified;

(6) the person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(7) the defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) the child is available to testify.

(b) If the electronic recording of the oral statement of a child is admitted into evidence under this section, either party may call the child to testify, and the opposing party may cross-examine the child.

(Emphasis added).

Appellant argues that the phrase "before the proceeding begins" refers to the time before the commencement of any judicial action. The State argues, to the contrary, that the term simply means "before the trial begins", citing *Jolly v. State*, 681 S.W.2d 689 (Tex.App.—Houston [14th Dist.] 1984, pet. granted).

The complainant's videotaped testimony, which was the only direct evidence of the offense, was recorded 51 days after appellant's arrest. By this time, appellant had been indicted, had appeared in court, had the services of the attorney appointed by the court to represent him, and the case had been set for trial.

■ No definition of "proceeding" or any other term is included within art. 38.-071. The word "proceeding" is used six times within the statute. While a word should be given the same meaning within different sections of a statute where possible, the assignment of such meaning should not be compelled when the word in question has various recognized meanings in law, as does "proceeding," and the insistence on a single meaning thwarts an obvious statutory scheme of procedures set out in the statute.

We are mindful of the construction in *Jolly*, the only decision thus far to interpret the term "proceeding," as used in art. 38.071(2). *Jolly* held that the term means "trial"; that the uses of the term "proceeding" in sec. 2(a) and in sec. 5 of the statute were consistent with that meaning; and that:

it would be illogical to limit admissibility of a videotape recording to cases where the recording was made before the complaint was filed. Such a narrow limitation would thwart the overall purposes of the statute.

681 S.W.2d at 697.

■ We respectfully disagree with the holding that "proceeding" must mean "trial"; we agree that "it would be illogical to limit admissibility of a videotape recording to cases where the recording was made before the complaint was filed," *unless* the statute itself provides specific procedures to govern the taking of admissible videotapes of child victims both before and after criminal proceedings are commenced. Article 38.071 does precisely that.

Our examination of art. 38.071 as a whole shows that it contemplates the taking of recorded interviews of children ei-

ther before or after criminal proceedings have begun, and provides different procedures for the two time periods.

Section 2 establishes a procedure with eight listed safeguards to be followed in taking recorded statements before criminal proceedings have been filed. It provides a means of criminal investigation and preservation of evidence without the requirement of judicial authorization.

By contrast, sections 3 and 4 read as follows:

Sec. 3. The court may, on the motion of the attorney for any party, order that the testimony of the child be taken in a room other than the courtroom and be televised by closed circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding. Only the attorneys for the defendant and for the state, persons necessary to operate the equipment, and any person whose presence would contribute to the welfare and well-being of the child may be present in the room with the child during his testimony. Only the attorneys may question the child. The persons operating the equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during his testimony but does not permit the child to see or hear them. The court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant.

Sec. 4. The court may, on the motion of the attorney for any party, order that the testimony of the child be taken outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding. Only those persons permitted to be present at the taking of testimony under Section 3 of this article may be present during the taking of the child's testimony, and the persons operating the equipment shall be confined from the child's sight and hearing as provided by Section 3. The court shall permit the defendant to observe and hear the testi-

mony of the child in person, but shall ensure that the child cannot hear or see the defendant. The court shall also ensure that:

(1) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(2) the recording equipment was capable of making an accurate recording, the operator was competent, and the recording is accurate and is not altered;

(3) each voice on the recording is identified; and

(4) each party is afforded an opportunity to view the recording before it is shown in the courtroom.

Sec. 5. If the court orders the testimony of a child to be taken under Section 3 or 4 of this article, the child may not be required to testify in court at the proceeding for which the testimony was taken.

It is obvious that sections 3 and 4 are limited in application to the situation where charges have been filed against a specific defendant or defendants. Their focus is upon the exercise of the right of counsel, right of cross-examination, and to a degree, the right of confrontation. The provisions of sections 3 and 4 are to be exercised upon judicial authorization.

The legislative history of the measure shows the intent that the phrase "made before the proceeding begins" means "made prior to any judicial action." When Senate Bill 836, which became the new Tex.Code Crim.P.Ann. art. 38.071, was introduced for debate before the Senate Jurisprudence Committee, Senator Hugh Parmer, the author, described the bill as follows:

This bill attempts to address that problem by providing for the use of videotaped testimony in three scenarios.... The three ways in which this bill provides for videotaped testimony to be admitted in a case are: *number one, videotaped testimony taken prior to any judicial action.* This is the kind of situation I described where a child at a public hospital testifies, tells a social worker precise-

ly what happened to them. You'll see an example of that kind of interview in just a moment.

The amendment which I just sent up says that if testimony is taken under that scenario then the child must be made available for cross-examination in the courtroom. So that video taped testimony will represent a portion or a part of the child's testimony.

The amendment is being sent up frankly because we feel it's necessary to meet the constitutional test of the right to confront your accuser and the right to be available for cross-examination. (Emphasis added).

Transcript of testimony before Jurisprudence Committee, Texas Senate, April 19, 1983.

Accordingly, we decline to follow *Jolly*, and hold instead that the term "proceeding," as used in sec. 2(a) of art. 38.071, encompasses the entire legal process from the initiation of the "criminal action." *See Wade v. State*, 572 S.W.2d 533, 534 (Tex. Crim.App.1978) (defining initiation of the "criminal action" as the time the accused is arrested). We believe the legislature intended by sections 1 and 2 to establish a statutory procedure for the taking of a videotaped statement of a child as an investigative aid or for preservation of evidence *before* the "proceeding" begins, meaning before a criminal action is commenced; sections 3 and 4 obviously provide the exclusive procedures to be followed *after* the "proceeding" begins, or after a criminal action is commenced.

 In as much as the videotaped statement of the child was made under the procedures of section 2 of art. 38.071, and was made only after appellant was charged in the case, i.e., after the proceeding began, the court erred in admitting the videotaped statement. Appellant's second ground of error is sustained.

The judgment is reversed and the cause is remanded.