**Jack Henrey NEWMAN, aka Popeye Newman, aka Bull Newman, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–85–0210–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 7, 1985.

Kenneth R. Poland, Houston, for appellant.

John B. Holmes, Jr., Don Clemmer, Beth McGregor, Harris County Asst. Dist. Atty., Houston, for appellee.

Before DUNN and SAM BASS, JJ., and KEITH,* J., Retired.

## OPINION

DUNN, Justice.

A jury found appellant guilty of the offense of aggravated sexual abuse of a child, and assessed his punishment at 40 years confinement in the Texas Department of Corrections. We affirm.

Appellant's challenge to the sufficiency of the evidence in his first ground of error requires a discussion of the facts of the case.

On the afternoon of November 25, 1984, the complainant, a 6-year-old female, and her younger brother were at the home of their regular babysitter. Appellant is a cousin of the babysitter, and he lived with her at the time of the offense.

At some point in the afternoon, the babysitter went to the store and left the children with appellant. When she left, the children were playing in the yard. Later, a neighbor's child found the complainant crying and took her to the former's mother. The complainant told the neighbor, "Jack was being nasty to me," and, "he was trying to lick me."

When the complainant's mother arrived to pick up her children, the complainant ran

---

\* Quentin Keith, Justice, Ninth Court of Appeals (Ret.), sitting by assignment. See *Article 1812,* as amended.

out of the neighbor's house, crying, and whispered into her mother's ear that, "Jack had licked her between her legs and was sticking his finger up inside her."

After exchanging a few words with appellant and the babysitter, who had returned from the store a few minutes before, the complainant's mother left, taking her children with her. She then called the Pasadena police, who sent an officer to her home. Later the same evening, the complainant was taken to Ben Taub Hospital, where a pelvic examination was performed. The examination showed that the complainant's hymenal ring was abnormally dilated for a child of her age, indicating penetration of the vagina by some method.

■ On the day following the offense, the complainant was interviewed by an officer of the Pasadena police. The videotaped interview, in which the complainant reiterated her statements of the day before, was introduced into State's evidence at appellant's trial.

When an appellant challenges the sufficiency of the evidence to sustain a conviction, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Combs v. State,* 643 S.W.2d 709, 716–17 (Tex.Crim.App.1982).

Appellant was charged by indictment with aggravated sexual abuse of a child, an offense under Tex.Penal Code Ann. sec. 22.011(a)(2)(A) (Vernon Supp.1985), which states:

> (a) A person commits an offense if the person:
>
> . . .
>
> (2) intentionally or knowingly:
>
> (A) causes the penetration of the anus or vagina of a child by any means.

The offense becomes aggravated if the victim is younger than 14 years of age. Tex. Penal Code Ann. sec. 22.021(a)(5) (Vernon Supp.1985).

We find that the record contains sufficient evidence to sustain the jury's verdict. Contrary to appellant's assertion that no evidence other than the videotape was presented, the testimony of the outcry witnesses and that of the physician who performed the pelvic examination precisely corroborate the complainant's videotaped testimony.

Appellant specifically contends that he was never identified, and therefore "the totality of the evidence is insufficient to support a conviction." We disagree. In the videotape, the complainant not only names "Jack" as her assailant, but further identifies him as the cousin of her babysitter.

Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in denying his challenges for cause to veniremen Hogue and Barker, claiming that Hogue was unable to consider the entire range of punishment and that Barker had already formed an opinion as to appellant's guilt of the offense.

After his challenges for cause were overruled, appellant used two peremptory challenges to strike veniremen Hogue and Barker. The record does not reflect that appellant requested additional challenges after he had exercised all of his peremptory challenges, or that appellant was forced to accept a juror whom he found objectionable. Under such circumstances, no error is shown. *Sifford v. State,* 505 S.W.2d 866, 867 (Tex.Crim.App.1974).

Appellant's second ground of error is overruled.

Appellant's third ground of error asserts that the trial court reversibly erred in overruling his objection to the prosecutor's voir dire question regarding the complainant's videotaped testimony.

The record shows that the following question and accompanying remarks were addressed to the venire:

PROSECUTOR: Is there anybody who feels as if they could not convict this Defendant based on the testimony of S.A.C., if you believe the testimony of S.A.C. as to the elements of this crime and who perpetrated it against her?

*In other words, if you believe her and the elements of the case are proven to you beyond a reasonable doubt, can you convict this Defendant, and the reason I need to ask this is that S.A.C. is a child.* She is six years old, and it is very important that you know that right off the bat, and that you know what kind of witness we are dealing with.

Now, on the first row—let's take the first row. If you believe S.A.C., and, of course, I can't get into what other evidence may be applicable in this case, but if you believe her beyond a reasonable doubt, can you find this Defendant guilty?

(Emphasis added.)

Appellant's objection that "it would take more than that to have a finding" was overruled. The prosecutor then asked, without objection, if the prospective jurors could convict the defendant if they believed the complainant's testimony beyond a reasonable doubt, "even though she will be testifying via videotape."

■ The State is statutorily entitled to ask for a conviction based upon the uncorroborated testimony of the victim of a sexual offense, and is also entitled, under certain circumstances, to have the videotape of that testimony admitted into evidence. *See Tolbert v. State,* 697 S.W.2d 795 (Tex. App.—Houston [1st Dist.], 1985, no pet.) (not yet reported); Tex.Code Crim.P.Ann. arts. 38.07, 38.071 (Vernon Supp.1985). The State has a corresponding right to inquire whether a prospective juror has some bias or prejudice against any phase of the law on which the State is entitled to rely for conviction. *See* Tex.Code Crim. Pro. art. 35.16(b)(3) (Vernon 1966).

We hold that the prosecutor's questions were proper ones, and we overrule appellant's third ground of error.

In appellant's fourth ground of error, he contends that the trial court erred in denying his motion for mistrial based upon improper jury argument by the State.

During the State's final argument, the prosecutor remarked, "[w]e can only imagine what went on on the other days that [the babysitter] went to the store. They were all excited...." The court sustained appellant's timely objection and ordered the jury to disregard the statement of the prosecutor for any purpose whatsoever. The State then concluded its final argument, and the jury was retired for deliberations. At this time, appellant made his motion for mistrial, which was overruled.

■ Argument that invites the jury to speculate whether the defendant has committed other crimes not in evidence is improper, and the trial court properly sustained appellant's objection. In so doing, and by instructing the jury to disregard the statement, the trial court cured the error. *Villarreal v. State,* 576 S.W.2d 51, 64 (Tex. Crim.App.1978) (en banc).

Appellant's fourth ground of error is overruled.

■ Appellant's fifth ground of error avers that the trial court reversibly erred in overruling and denying his objections to the admission of the extraneous offense described in the complainant's videotaped testimony. In the latter part of the videotaped interview, the complainant describes a single, similar act committed against her by appellant in the past.

Appellant argues that the tape failed to meet the admissibility requirements for extraneous offenses set out in *McCann v. State,* 606 S.W.2d 897 (Tex.Crim.App.1980). *McCann* requires a clear showing that:

1) the evidence of the extraneous offense is material, i.e. it must go to an element of the offense charged;

2) the accused participated in the extraneous transaction being offered into evidence; and

3) the relevancy to a material issue outweighs its inflammatory or prejudicial potential.

*Id.* at 901.

Appellant fails to give any specific example of the State's non-compliance with *McCann*, and we hold that a clear showing of both the materiality of the extraneous offense and the participation of appellant in the extraneous offense was made. Further, the probative value of the evidence as to the occurrence of the instant offense far outweighed the inflammatory effect. *See Garcia v. State*, 573 S.W.2d 12, 16 (Tex. Crim.App.1978).

Appellant's fifth ground of error is overruled.

The constitutionality of article 38.071, which directs the admissibility of videotaped statements of sexual abuse victims aged 12 or younger, is challenged in appellant's sixth ground of error. Appellant argues that article 38.071 impermissibly abridges his sixth amendment right to confront the witnesses against him by means of cross-examination.

■■ Constitutional issues are to be addressed only if the case may not be decided on any other ground. *Smith v. State*, 658 S.W.2d 172, 174 (Tex.Crim.App. 1983). The record shows that the complainant was present in the courthouse, and that, out of the jury's presence and in response to appellant's objection to the introduction of the videotape, the court explicitly made the complainant available to the defense for confrontation and cross-examination, as required by article 38.071, sec. 2(b). However, appellant chose not to call her to the stand and therefore waived his opportunity of cross-examination. *Jolly v. State*, 681 S.W.2d 689, 694 (Tex.App. —Houston [14th Dist.] 1984, pet. granted). Under these circumstances, appellant cannot successfully complain on appeal that his constitutional right of confrontation by cross-examination was impinged upon or extinguished.

We overrule appellant's sixth ground of error.

■■ Appellant's seventh ground of error asserts that the trial court reversibly erred in admitting the complainant's videotaped testimony into evidence, because the State failed to comply with the requirements of article 38.071, sec. 2(a). Those requirements are set out below:

Sec. 2. (a) The recording of an oral statement of the child made before the proceeding begins is admissible into evidence if:

(1) no attorney for either party was present when the statement was made;

(2) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(3) the recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;

(5) every voice on the recording is identified;

(6) the person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(7) the defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) the child is available to testify.

The record affirmatively reflects that all of the above requirements were met. Appellant, however, inserts an additional requirement. He contends that an accused should be represented by counsel at the time the videotape is made, because this is a "critical stage" of the proceedings.

Appellant's contention was answered by this court in *Lawson v. State*, 697 S.W.2d 803 (Tex.App.—Houston [1st Dist.], 1985, no pet.) (not yet reported). *Lawson* held that the term "proceeding," as used in article 38.071, encompasses the entire legal process from the initiation of the criminal

action, defining "criminal action" as *the time the accused is arrested.*

In this case, the complainant's statement was videotaped two days prior to the filing of charges and the arrest of appellant. Under *Lawson,* appellant cannot contend that he was entitled to representation, for any purpose, at a time when he had not been either charged or arrested, and was not subject to custodial interrogation.

Appellant's seventh ground of error is overruled.

■ Appellant's eighth ground of error complains that the trial court reversibly erred in overruling his motion to quash the indictment. Specifically, appellant contends that the statute under which he was indicted is unconstitutionally vague for failure to define the term "penetration."

"Penetration" is a term of common usage that can be understood by persons of ordinary intelligence without guessing at its meaning or differing in its application. *See Ahearn v. State,* 588 S.W.2d 327, 337–38 (Tex.Crim.App.1979).

We hold that the statute is not unconstitutionally vague for failure to define "penetration," and we overrule appellant's eighth ground of error.

Appellant's ninth ground of error asserts that the trial court reversibly erred in refusing to grant his requested jury charge on the failure of the complainant to be placed under oath before her statement was videotaped. The requested charge stated, "you are permitted to consider this lack of oath or affirmation when passing on the credibility of the witness and the weight to be given this testimony."

Although the complainant was not formally sworn, she stated during the course of her videotaped statement that she knew the difference between the truth and a lie, that "you get in trouble when you tell a lie," and that everything she had said was true. No contention has been made on appeal that the trial court abused its discretion in finding that the complainant was competent to testify on the videotape.

■ The ability of a witness to understand the obligation of an oath is a question of law, and is placed squarely within the discretion of the trial court for determination. *See* Tex.Code Crim.P.Ann. art. 38.06, sec. 2 (Vernon 1979). It is not a question of fact for the jury to decide, and appellant's requested jury charge was properly refused.

Appellant's ninth ground of error is overruled.

■ Appellant's final ground of error claims that the trial court reversibly erred in admitting the testimony of the State's outcry witnesses, because article 38.07 does not require corroboration of a sexual assault victim under 14 years of age.

*Heckathorne v. State,* 697 S.W.2d 8 (Tex. App.—Houston [14th Dist.], 1985, no pet.) (not yet reported), contains persuasive authority for denying this proposition:

The article [Tex.Code Crim.P.Ann. art. 38.07] further indicates that *the requirement that the victim inform someone of the offense* within six months does not apply if the victim is *younger than 14 years of age.* However, this language does not mean that the *entire article* is inapplicable if the victim is under 14 years of age; it only means that an outcry within six months of the offense is not a *prerequisite* to the prosecution of a defendant upon the uncorroborated testimony of a victim under 14 years of age. We do not construe this language to mean that the State is *forbidden* to introduce outcry evidence if the victim is under 14. Certainly, the fact that a child issued an outcry to one or more witnesses is relevant information that a jury is entitled to hear, as authorized by art. 38.07.

*Id.* (emphasis in original).

We overrule appellant's final ground of error.

The judgment of the trial court is affirmed.