Christopher WHITTEMORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09-85-254-CR.

Court of Appeals of Texas,
Beaumont.

June 11, 1986.

John Sloan, Lufkin, for appellant.

Clyde M. Herrington, Lufkin, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of aggravated sexual assault. The court assessed punishment at fifty years in the Texas Department of Corrections. Appeal has been perfected to this court.

■ Appellant's ground of error number one states:

"The trial court erred in admitting into evidence, over Appellant's objection, the testimony of Frederick Ruth for Frederick Ruth was acting as an undisclosed agent of the State and any incriminating statements listed [sic] from Appellant by Frederick Ruth violated Appellant's right to counsel as provided by the Sixth Amendment of the United States Constitution, Article 1.05, C.C.P."

Appellant cites to us *United States ex rel. O'Connor v. State of New Jersey*, 405 F.2d 632 (3rd Cir.1969), holding that incriminating statements by an accused during interrogation by the police were inadmissible as being in violation of the accused's constitutional right to counsel. The Court discussed *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). In *Massiah,* while an accused was free on bail, a federal agent, with the cooperation of a codefendant, surreptitiously monitored a conversation between Massiah and the codefendant. The substance of the conversation containing incriminatory statements was introduced at trial, and the accused was convicted. The Supreme Court held that the introduction of the extrajudicial statements violated the accused's Sixth Amendment right to the aid of counsel.[1]

In the case at bar, Ruth (age 20) had been confined in the Angelina County jail (for burglary of a habitation) for forty-one days. He was a cellmate of Appellant. He testified he had once worked as an agent for a law enforcement agency on a drug deal, but this had nothing to do with Appellant. He then went on to testify that Appellant told him he didn't rape the accuser but he and some of his buddies had sex with her.

In *May v. State*, 618 S.W.2d 333, 348 (Tex. Crim.App.1981), the Court allowed a statement to another inmate where it was not the product of "custodial interrogation." *See also Pinkerton v. State*, 660 S.W.2d 58, 64 (Tex.Crim.App.1983). In the case at bar, the Appellant's statement to Ruth was certainly not the result of "custodial interrogation". This ground of error is overruled.

■ Appellant's second ground of error follows:

"The trial court erred in admitting into evidence, over Appellant's objection, video taped testimony of complainant made without presence of Appellant or counsel or other confrontation protections for doing so violated Appellant's right to confrontation in violation of the Sixth and Fourteenth Amendment[s] of the United States Constitution, Article 1, Section 10 of the Texas Constitution and Article 1.05, C.C.P."

Appellant's brief states this tape was introduced pursuant to *TEX. CODE CRIM. PROC.ANN. art. 38.071* (Vernon Supp. 1986). For this opinion to be more understandable, we herewith reproduce the statute as a footnote.[2]

"Section 1. This article applies only to a proceeding in the prosecution of an offense, including but not limited to an offense under Chapter 21, Penal Code, as amended, or Section 43.25, Penal Code, as amended, alleged to have been committed against a child 12 years of age

1. This doctrine applies to both federal and state prosecutions. *See United States ex rel O'Connor v. State of New Jersey, supra* at 636, and note 11.

2. "Art. 38.071. Testimony of child who is victim of offense.

Appellant complains that since neither he nor his attorney was present when the conversation was taped, it, therefore, violates Appellant's confrontation protection as provided by the Sixth and Fourteenth Amendments of the United States Constitution, as well as the Texas Constitution.

Appellant cites us *Long v. State*, 694 S.W.2d 185 (Tex.App.—Dallas 1985, pet. granted), which holds *TEX. CODE CRIM. PROC.ANN. art. 38.071, sec. 2*, is unconstitutional, and such is not saved by the State's calling the child to testify and cross-examination after the introduction of the video tape. Such holding is contrary to *Jolly v. State*, 681 S.W.2d 689 (Tex.App.—Houston [14th Dist.] 1984, pet. granted).

With all due respect to our brother court at Dallas, we agree with *Jolly v. State, supra*. The Supreme Court of the United States has recognized that a state may prevail over a fundamental right upon a showing that a statute is necessary to the accomplishment of a compelling state interest. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *McLaughlin v. Florida*, 379 U.S. 184, 196, 85 S.Ct. 283, 290, 13 L.Ed.2d 222 (1964); *Mattox v. United States*, 156 U.S. 237, 243, 15 S.Ct. 337, 339, 39 L.Ed. 409 (1895).

The state traditionally has a legitimate and substantial interest in protecting a child from emotional harm. See *Long v. State, supra* at 190, and authorities cited

or younger, and applies only to the statements or testimony of that child.

"Sec. 2. (a) The recording of an oral statement of the child made before the proceeding begins is admissible into evidence if:

(1) no attorney for either party was present when the statement was made;

(2) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(3) the recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;

(5) every voice on the recording is identified;

(6) the person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(7) the defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) the child is available to testify.

(b) If the electronic recording of the oral statement of a child is admitted into evidence under this section, either party may call the child to testify, and the opposing party may cross-examine the child.

"Sec. 3. The court may, on the motion of the attorney for any party, order that the testimony of the child be taken in a room other than the courtroom and be televised by closed circuit equipment in the courtroom to be viewed by the court and the finder of fact in the proceeding. Only the attorneys for the defendant and for the state, persons necessary to operate the equipment, and any person whose presence would contribute to the welfare and well-being of the child may be present in the room with the child during his testimony. Only the attorneys may question the child. The persons operating the equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during his testimony, but does not permit the child to see or hear them. The court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant.

"Sec. 4. The court may, on the motion of the attorney for any party, order that the testimony of the child be taken outside the courtroom and be recorded for showing in the courtroom before the court and the finder of fact in the proceeding. Only those persons permitted to be present at the taking of testimony under Section 3 of this article may be present during the taking of the child's testimony, and the persons operating the equipment shall be confined from the child's sight and hearing as provided by Section 3. The court shall permit the defendant to observe and hear the testimony of the child in person, but shall ensure that the child cannot hear or see the defendant. The court shall also ensure that:

(1) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(2) the recording equipment was capable of making an accurate recording, the operator was competent, and the recording is accurate and is not altered;

(3) each voice on the recording is identified; and

(4) each party is afforded an opportunity to view the recording before it is shown in the courtroom.

"Sec. 5. If the court orders the testimony of a child to be taken under Section 3 or 4 of this article, the child may not be required to testify in court at the proceeding for which the testimony was taken."

therein. Legal proceedings may be causally connected to trauma in children. *Id.* Repeated interrogations and the official atmosphere in the courtroom have been identified as factors which are capable of placing a child victim under prolonged mental stress and endangering his or her emotional equilibrium. *Id.*

*Art. 38.071* is designed to reduce such risks to the welfare of the child and yet allow for cross-examination. *Sec. 2(b)* of the Act provides:

"If the electronic recording of the oral statement of a child is admitted into evidence under this section, either party may call the child to testify, and the opposing party may cross-examine the child."

Actually, such was done in the case at bar, as well as *Long v. State, supra,* and has been held constitutional. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). This ground of error is overruled.

■ Appellant's third ground of error states:

"The trial court erred in admitting into evidence, over Appellant's objection, video taped testimony of complainant for substantial portions of said video tape were unintelligible and garbled and the introduction of same was in violation of Article 38.071 Section 2(a)(3), C.C.P."

Neither Appellant nor the State found any authority directly addressing this point. The State cites us *State v. Newman,* 4 Wash.App. 588, 484 P.2d 473 (1971), and *Edwards v. State,* 551 S.W.2d 731 (Tex.Crim.App.1971), urging that the admissibility of such a tape should be in the sound discretion of the trial court. Quite frankly, this Court has no way of reproducing the sound of this tape, but we find the following testimony from Officer Swan in the record:

"I had a lot of difficulty hearing Lynette. As you can see in the tape, I was sitting right next to her, and she was just talking real low and mumbling and I had to, you know, to ask her questions over again. I was having trouble hearing her myself."

We hold that the trial court has broad discretion in admitting such a tape when the challenge is to its quality. *See Caldwell v. State,* 696 S.W.2d 606 (Tex.App.—Beaumont 1985, pet. requested). In the case at bar, the individual appearing on the tape actually testified before the jury, so there could be no harm shown. This ground of error is overruled.

■ Appellant's fourth ground of error follows:

"The trial court erred in admitting into evidence, over Appellant's objection, the written statement of Appellant made without counsel, after indictment, in that Appellant did not intelligently waive his right of counsel and the introduction of such statement was in violation of the Sixth Amendment to the United States Constitution, Article 1, Section 10 of the Texas Constitution and Article 1.05, C.C. P."

Certainly, Appellant here makes a strong argument, and the State has a heavy burden to show waiver by the defendant. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378, reh. den., 452 U.S. 973, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981). But, the question depends on the circumstances involved. *Id.* Our Appellant, more than once, requested to see the District Attorney. The District Attorney did not seek or ask for the statement, and freely admitted he would not have accepted it if the Appellant had counsel. Appellant was given the proper warnings before the statement. The ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.