Clarence PIERCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–86–012–CR.

Court of Appeals of Texas,
Austin.

Feb. 11, 1987.

Wayne Porter, Mauro, Wendler, Sheets & Associates, Round Rock, for appellant.

Ken Anderson, Dist. Atty., Mike Davis, Asst. Dist. Atty., Georgetown, for appellee.

Before EARL W. SMITH,* GAMMAGE and ABOUSSIE, JJ.

EARL W. SMITH, Justice.

Appellant was convicted by a jury of indecency with a child. Tex.Pen.Code Ann. § 21.11(a)(1) (Supp.1987). The trial court assessed punishment at imprisonment for twenty years. We will affirm the judgment of conviction.

On August 22, 1985, the mother of the complainant, nine-year-old N.D., took her to the police station in Taylor, Texas, where she was interviewed on videotape by a female police sergeant. During the interview, N.D. alleged *inter alia* that appellant, who was her mother's boyfriend, had touched her breasts, genitals, and anus.

---

* Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 73.012 (Supp.1986).

Appellant was subsequently indicted and tried for the offense of indecency with a child. At trial, the State played the videotape before the jury over appellant's objection, but it did not call N.D. to the stand. After the State rested, however, appellant called N.D. to the stand and cross-examined her at length regarding the alleged offense.

■ In points of error one and two, appellant attacks the constitutionality of Tex. Code Cr.P.Ann. art. 38.071, § 2 (Supp. 1987), which authorized the admission of the videotape. Appellant argues that the admission of the videotape denied him his right to confrontation under the United States and Texas Constitutions because he was not able to cross-examine N.D. at the time the videotape was made.[1]

In the last three years the constitutionality of art. 38.071, § 2 has been addressed by several of our State's courts of appeals. Two courts have held the statute unconstitutional on a variety of grounds. *See Buckner v. State,* 719 S.W.2d 644 (Tex. App.—Fort Worth 1986, pet. filed); *Romines v. State,* 717 S.W.2d 745 (Tex.App.— Fort Worth 1986, pet. filed); *Long v. State,* 694 S.W.2d 185 (Tex.App.—Dallas 1985, pet. granted). The reasoning in these courts' decisions has been strongly and soundly criticized. *See* Comment, *Article 38.071 of the Texas Code of Criminal Procedure: A Legislative Response to the Needs of Children in the Courtroom,* 18 St.Mary's L.J. 279 (1986); Note, *Does the Child Witness Videotape Statute Violate the Confrontation Clause?* 17 Tex.Tech L.Rev. 1669 (1986); Note, *Televised Testimony vs. the Confrontation Clause: The Use of Videotapes in the Prosecution of Child Sexual Abuse,* 23 Hous.L.Rev. 1215 (1986). At least five other Texas courts have upheld the statute. *See Whittemore v. State,* 712 S.W.2d 607 (Tex.App.—Beaumont 1986, pet. filed); *Newman v. State,* 700 S.W.2d 307 (Tex.App.—Houston [1st] 1985, pet. granted); *Mallory v. State,* 699 S.W.2d 946 (Tex.App.—Texarkana 1985, pet. granted); *Tolbert v. State,* 697 S.W.2d 795 (Tex.App.—Houston [1st] 1985, pet. granted); *Alexander v. State,* 692 S.W.2d 563 (Tex.App.—Eastland 1985, pet. granted); *Jolly v. State,* 681 S.W.2d 689 (Tex. App.—Houston [14th] 1984, pet. granted); *see also State v. Feazell,* 486 So.2d 327 (La.App.1986); *In re Welfare of M.S.M.,* 387 N.W.2d 194 (Minn.App.1986); *State v. Rogers,* 692 P.2d 2 (Mont.1984) (all three cases holding that confrontation right not violated upon admission of videotaped interviews of child sexual abuse victims when victims available for cross-examination at trial). We join the growing number of courts that have found art. 38.071, § 2 a valid legislative response to the problem of children as sexual abuse victim-witnesses.[2]

In *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), the Supreme Court concluded that the federal confrontation clause is not violated when a declarant's out-of-court statement is admitted so long as the declarant testifies and is subject to cross-examination. The Court majority stated:

> Viewed historically ..., there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination.

**1.** The Sixth Amendment, made applicable to the states in *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."

Art. I, § 10 of the Texas Constitution provides: "In all criminal prosecutions the accused ... shall be confronted by the witnesses against him."

**2.** The incidence of child sexual abuse is far greater than has been traditionally assumed. Some studies suggest that at least 25% of all women and 10% of all men in this country experienced some abuse as children, ranging from sexual fondling to intercourse. *See* A. Kohn, *Shattered Innocence,* Psychology Today, February 1987, at 54; *A Hidden Epidemic,* Newsweek, May 14, 1984, at 30. The conviction rate for these offenses, however, is dishearteningly low, due in large part to the fact that the psychological vulnerability of small children usually makes them poor in-court witnesses. *See* J. Parker, *The Rights of Child Witnesses: Is the Court a Protector or Perpetrator?* 17 New Eng.L.Rev. 643 (1982).

This conclusion is supported by comparing the purposes of confrontation with the alleged dangers in admitting an out-of-court statement. Confrontation: (1) insures that the witness will give his statements under oath—thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the "greatest legal engine ever invented for the discovery of truth"; (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.

It is, of course, true that the out-of-court statement may have been made under circumstances subject to none of these protections. But if the declarant is present and testifying at trial, the out-of-court statement for all practical purposes regains most of the lost protections.

.    .    .    .    .

[T]he inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured of full and effective cross-examination at the time of trial.

.    .    .    .    .

We cannot share the ... view that belated cross-examination can never serve as a constitutionally adequate substitute for cross-examination contemporaneous with the original statement.

.    .    .    .    .

It may be true that a jury would be in a better position to evaluate the truth of the prior statement if it could somehow be whisked magically back in time to witness a gruelling cross-examination of the declarant as he first gives his statement. But the question as we see it must be not whether one can somehow imagine the jury in "a better position," but whether subsequent cross-examination at the defendant's trial will still afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement. On that issue, neither evidence nor reason convinces us that contemporaneous cross-examination before the ultimate trier of fact is so much more effective than subsequent examination that it must be made the touchstone of the Confrontation Clause.

Finally, we note that none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial.

.    .    .    .    .

For where the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem.

399 U.S. at 158–162, 90 S.Ct. at 1935–1937 (footnotes omitted).

The language of the *Green* decision makes it abundantly clear that the federal confrontation clause is satisfied if the witness who made the out-of-court statement is available for "full and effective" cross-examination at trial. *See* Note, *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations,* 98 Harv.L.Rev. 806, 810 (1985); Lilly, *Notes on the Confrontation Clause and Ohio v. Roberts,* 36 U.Fla.L.Rev. 207, 219 (1984); Younger, *Confrontation,* 24 Washburn L.J. 1, 7 (1984). We can see no reason to interpret our state confrontation clause any differently. Points of error one and two are overruled.

■ In point of error three, appellant argues that art. 38.071, § 2(b) denied him his right to due process because it (allegedly) forced him to choose between his right to confrontation and his (alleged) right to remain "passive" throughout the trial. *See Buckner v. State, supra* at 650–651. More specifically, appellant argues that he should have been allowed to cross-examine N.D. during the State's case-in-chief rather than during the presentation of his defensive evidence. *See Lawson v. State,* 697 S.W.2d 803, 806–807; Note, *Televised Testimony vs. the Confrontation Clause: The Use of Videotapes in the Prosecution of Child Sexual Abuse,* 23 Hous.L. Rev. 1215, 1224 (1986).

We are unpersuaded that appellant has demonstrated any denial of his constitutional rights. Assuming *arguendo* that appellant had the absolute right to cross-examine N.D. during the State's case-in-chief, it is apparent that he waived that right because, as the record reflects, he never asserted that right at trial. Point of error three is overruled.

In his final point of error, appellant argues he was denied his state and federal constitutional right to counsel because he was unable to cross-examine N.D. at the time the videotape was recorded.[3] We disagree. The complainant's statement was videotaped before the filing of charges and the arrest of appellant. Appellant cannot now contend that he was entitled to representation, for any purpose, at a time when he had not been either charged or arrested, and was not subject to custodial interrogation. *Newman v. State, supra* at 312–313; *see Forte v. State,* 707 S.W.2d 89 (Tex.Cr. App.1986); *Floyd v. State,* 710 S.W.2d 807 (Tex.App.1986, pet. filed); 1 LaFave & Israel, *Criminal Procedure* § 6.4(e) (1984 & Supp.1986). Point of error four is overruled.

The judgment of conviction is affirmed.

---

**3.** The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defence."

Art I, § 10 of the Texas Constitution provides: "In all criminal prosecutions the accused shall have ... the right of being heard by himself or counsel ..."