**Robert Frank LAWSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1162–85.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1988.

Joan E. Scroggins (Court-appointed), Caldwell, for appellant.

Charles J. Sebesta, Jr., Dist. Atty., Caldwell, Larry P. Urquhart, Brenham, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

The appellant was convicted in a non-jury trial of aggravated sexual assault. Punishment was assessed by the court at forty years in the penitentiary.

The testimony of the child victim was introduced into evidence through a videotaped interview with the victim, as then authorized by Art. 38.071, § 2, V.A.C.C.P.

In his appeal to the court of appeals, and consistent with his trial objection, the appellant claimed that the videotaped interview of the victim was made after the

proceeding began, rather than "before the proceeding begins" as required by Art. 38.-071, § 2, *supra.* The court of appeals agreed and reversed the appellant's conviction without a harm analysis. 697 S.W.2d 799 (Tex.App.1985). The appellant also claimed that Art. 38.071, § 2, *supra,* violated his right of confrontation under the Sixth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution. The court of appeals did not examine this claimed error.

While the State's petitions for discretionary review were pending, this Court decided *Long v. State,* 742 S.W.2d 302 (Tex.Cr. App.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988). In *Long, supra,* we concluded that Art. 38.071, § 2, *supra,* constituted an unconstitutional infringement upon a defendant's right of confrontation as secured by the Sixth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution.

In *Mallory v. State,* 752 S.W.2d 566 (Tex. Cr.App.1988), we concluded that a harmless error analysis as required by Rule 81(b)(2) *Tex.R.App.Pro.,* is applicable to an error of this nature. Therefore, the judgment of the court of appeals is vacated and the case is remanded to the court of appeals to consider the appellant's remaining grounds of error and be reviewed in light of *Long v. State, supra,* and Rule 81(b)(2) *Tex.R.App. Pro.* See: *Mallory v. State, supra; Tolbert v. State,* 743 S.W.2d 631 (Tex.Cr.App. 1988).

McCORMICK, J., concurs.

ONION, P.J., and TEAGUE, J., dissent to the remand.