**Clarence PIERCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 273–87.**

Court of Criminal Appeals of Texas,
En Banc.

June 29, 1988.

Petition for Discretionary review from Court of Appeals, 3rd Supreme Judicial District.

Wayne Porter, Georgetown, for appellant.

Ken Anderson, Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

McCORMICK, Judge.

Appellant was convicted by a jury of indecency with a child and assessed punishment by the court at imprisonment for twenty years in the Texas Department of Corrections.

At trial, over appellant's objection, the videotaped testimony of the child victim was introduced as then authorized by Article 38.071, Section 2, V.A.C.C.P. The Court of Appeals affirmed the conviction. *Pierce v. State*, 724 S.W.2d 928 (Tex.App.-Austin 1987). We vacate that judgment and remand to the Court of Appeals.

In his appeal appellant claimed the admission of the videotaped testimony: (1) violated his right to confrontation under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution; (2) was error for the court not to permit cross-examination of the child witness during the State's case in chief thereby placing two of appellant's constitutional rights directly contra to each other, i.e., the right to confrontation versus the right to *not* have the burden of going forward with evidence of innocence; and (3) Article 38.071, supra, denied appellant the right to counsel at a critical stage of the criminal proceeding against him, namely at the time the videotape evidence was made.

In an opinion subsequent to the Court of Appeals' opinion in this case, we found Article 38.071, Section 2, supra, unconstitutional in that it denied a defendant the right of confrontation as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution. *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), cert. denied — U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988).

Additionally, this Court recently held that errors such as those in *Long* were subject to harmless error analysis as required by the Texas Rules of Appellate Procedure, Rule 81(b)(2). *Mallory v. State*, 752 S.W.2d 566 (Tex.Cr.App.1988). In this case no harm analysis was performed.

Therefore, the judgment of the Court of Appeals is vacated and the case is remanded to that court to consider appellant's

points of error in light of *Long* and *Mallory.*

ONION, P.J., dissents to remand.