**Christopher WHITTEMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 09–85–254–CR.

Court of Appeals of Texas, Beaumont.

March 1, 1989.

John Sloan, Lufkin, for appellant.

Clyde M. Herrington, Lufkin, for appellee.

### OPINION ON REMAND

DIES, Chief Justice.

Appellant was convicted by a jury of aggravated sexual assault, and the court assessed punishment at fifty years' confinement in the Texas Department of Corrections.

At trial, over Appellant's objection, the videotaped testimony of the twelve-year-old child victim was introduced into evidence pursuant to Article 38.071 of the Texas Code of Criminal Procedure. *See TEX. CODE CRIM.PROC.ANN. art. 38.071* (Vernon Supp.1989). On appeal, Appellant urged that admission into evidence of this videotaped testimony violated his right to confrontation guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution. This court affirmed the conviction, holding that Article 38.071 was not unconstitutional. *Whittemore v. State,* 712 S.W.2d 607 (Tex.App.—Beaumont 1986). The Court of Criminal Appeals granted Appellant's petition for discretionary review and vacated this court's judgment on the ground that Article 38.071 violates a criminal defendant's right to confrontation. *Whittemore v. State,* No. 765–86 (Tex.Crim.App. Dec. 14, 1988); *see also Long v. State,* 742 S.W.2d 302, 319 (Tex. Crim.App.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988). The Court of Criminal Appeals remanded this cause to this court for a determination of whether the error in the case was harmless under *TEX.R.APP.P. 81(b)(2).*

Under Rule 81(b)(2), error in a criminal case calls for a reversal unless the appellate court determines beyond a reasonable doubt that the error found made no contribution to the conviction or to the punishment. *See Mallory v. State,* 752 S.W.2d 566 (Tex.Crim.App.1988). The indictment in the present case alleged that Appellant did "intentionally and knowingly cause the

penetration of the vagina of L—— G——, a child not the spouse of [Appellant] who was then and there younger than 14 years of age, by [Appellant's] penis."

At trial, the State introduced videotaped testimony of the alleged victim, then immediately called the victim to testify. Both on the tape and in her live testimony, the child identified Appellant as the person who assaulted her. The doctor who treated the victim on the night of the assault testified that the child had been sexually assaulted. The medical evidence showed that motile sperm cells were found in the child's vagina within a few hours after the victim stated the assault occurred. In argument in the guilt/innocence phase, Appellant's counsel conceded that a sexual assault upon the child had occurred that night. As was the case in *Mallory*, the Appellant in this case gave a written confession. However, unlike *Mallory*, Appellant's written confession, which was introduced before the jury, specifically stated that penetration occurred during sexual intercourse between Appellant and the child. The State also introduced testimony of Appellant's cellmate that Appellant had admitted having sex with the child.

■ We have previously held that Appellant's confession and his incriminating statement to his cellmate were admissible. *See Whittemore*, 712 S.W.2d at 608. It is also well established that where lawfully obtained evidence of guilt is overwhelming, even error of constitutional dimension will be considered harmless beyond a reasonable doubt. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Green v. State*, 727 S.W.2d 263, 267 (Tex.Crim.App.1987); *Maixner v. State*, 757 S.W.2d 21, 24 (Tex.App.—Beaumont 1988, no pet.). We find, beyond a reasonable doubt, that the properly admitted evidence of Appellant's guilt was so overwhelming that the improper introduction of the videotaped testimony of the child victim made no contribution to the jury's verdict of guilt.

■ The issue of punishment was tried to the trial court. There being nothing in the record to indicate that the trial court relied on the videotaped testimony in assessing punishment, we may presume that the trial judge disregarded the inadmissible evidence. *See Tolbert v. State*, 743 S.W.2d 631, 634–35 (Tex.Crim.App.1988). Furthermore, in his testimony during the guilt/innocence phase, Appellant admitted that he had previously been convicted of burglary of a habitation. He also stated that he was released from prison less than a year before the occurrence of the present offense. The examining physician testified that the abrasions he found in the genitals of the victim indicated that she had been sexually assaulted and not just that she had engaged in sexual intercourse. We find that such factors give further support to the presumption that the trial court disregarded the inadmissible videotaped testimony in assessing Appellant's punishment at fifty years' imprisonment. Therefore, we find, beyond a reasonable doubt, that the improper admission of the videotaped testimony of the child victim made no contribution to the punishment assessed by the trial court.

The judgment of the trial court is affirmed.

Affirmed.