Gene Edward **WALKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44141.

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Rehearing Denied Dec. 21, 1971.

Don Raven, Austin, for appellant.

Robert O. Smith, Dist. Atty., Robert A. Huttash and Lawrence Wells, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by assault with punishment assessed at life.

Appellant was indicted in a two-count indictment alleging murder with malice and robbery with firearms. The State had given notice that it would seek the death penalty. Prior to trial the State withdrew its notice to seek the death penalty and moved to dismiss the firearms portion of the second count of the indictment alleging robbery with firearms, electing to try the appellant for robbery by assault only. The appellant waived a trial by jury and entered a plea of not guilty before the court.

The appellant challenges the sufficiency of the evidence to support the conviction for two reasons, stated as follows:

"1. The use of impeaching testimony to corroborate accomplice testimony was reversible error.

"2. There was insufficient corroboration of co-defendants' testimony placing appellant at the scene committing the crime."

We overrule both contentions and affirm this conviction.

The appellant by brief has argued that impeachment testimony was improperly used as substantive evidence. The State has urged that we overrule prior precedent and hold that grand jury testimony used for impeachment be considered as substantive evidence. We will not discuss this matter on that basis, because a review of the record discloses that the witness Baker, whose testimony will later be discussed, was not actually impeached. The State appears to have used the grand jury testimony in an attempt to refresh the witness's memory, but they did not plead surprise and actually impeach Baker.

Gordon Glenn Johnson, while employed at a Seven-Eleven drive-in grocery in Austin, was robbed and murdered.

Gene Edward Walker, the appellant; Roy Lee McKinney and Dennis Michael Pearson were jointly charged with the offense. On the trial of the appellant, both co-indictees, who were accomplice witnesses as a matter of law, testified. That the appellant was implicated by their testimony as an active participant in the robbery is not controverted by the appellant.

Bobby Baker, a city employee and brother-in-law of the appellant, had been subpoenaed to appear before the Travis County Grand Jury. Baker, whose age is not shown by the record, had been a city employee for almost two years. He had finished high school, he had served three years in the army as a clerk and in other capacities. Baker's testimony before the grand jury was that after the commission of the offense, he, Baker, became aware of the fact that officers were looking for and inquiring about the appellant. Baker discussed this with appellant. The appellant then told Baker the officers were looking for appellant in connection with the robbery of the Seven-Eleven store where a man was killed and appellant told Baker he was going home and pack his clothes. Appellant told Baker he was there when it happened and that he was involved in the robbery and that after the robbery they went over to Joyce Issac's house and split up the money. Several days later, on two different occasions, Baker was present in appellant's mother's home and had telephone conversations with the appellant, who was then in Los Angeles, California. In these telephone conversations, appellant inquired of Baker concerning the officers'

investigation of this crime and appellant again told Baker of his participation in the crime. Appellant told Baker he was the one who actually shot the man.

At the trial of the case, Baker was a most reluctant and recalcitrant witness. He finally admitted his telephonic communication with someone he thought to be the appellant, but he could not remember anything concerning the conversation. The prosecutor exhibited to the witness his grand jury testimony. Baker did not repudiate his grand jury testimony, but on the contrary, testified without qualification that the grand jury testimony was true, *but he would not repeat such testimony, continuing to plead poor memory*. The grand jury testimony was admitted into evidence by the court.

■ Baker, after reviewing his grand jury testimony when it was exhibited to him to refresh his memory, vouched for its truth. In light of this, the trial court properly admitted and considered the grand jury testimony as adopted by Baker and incorporated into the trial testimony. This court has so held in Wright v. State, 422 S.W.2d 184.

Baker's testimony before the Travis County Grand Jury was made under oath. It was contemporaneously transcribed by a court reporter. The court reporter was present at the trial and testified. The possibility of errors in the transcription or any coercion or undue influence upon the witness Baker during his grand jury testimony is minimal. Baker's loss of memory between the time of his testimony before the grand jury on March 3, 1970, and the time of his trial testimony on May 25, 1970, is most easily accounted for by his close relationship to the appellant as shown by the record.

■ Baker's testimony that he was taking drugs when he appeared before the grand jury would only go to the weight to be given that testimony by the trier of the facts.

Baker's grand jury testimony is not hearsay. There was confrontation and cross-examination at the trial. It is true that the confrontation and cross-examination was delayed. The record reflects that appellant's counsel had the opportunity to converse with Baker before trial and there is no indication in the record that Baker was uncooperative with appellant or his counsel.

■ The delay in confrontation and cross-examination did not deprive the appellant of his right guaranteed by the Sixth Amendment to the Constitution of the United States. California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489.

■ The testimony of Baker was sufficient to satisfy the requirements of Art. 38.14, Vernon's Ann.C.C.P., as it does connect the appellant with the commission of the offense. The trial court hearing the evidence found it to be sufficient. We agree.

The judgment is affirmed.

Opinion approved by the Court.