Phillip H. ZACHARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 47313.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

H. Edward Johnson, Fort Worth (Court-appointed on appeal), for appellant.

Tim Curry, Dist. Atty., Charles E. Webb, Glen E. Eakman, & William A. Knapp, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

RAY, Commissioner.

This is an appeal from a conviction for robbery by assault where the punishment, enhanced by two prior non-capital felony convictions, was assessed at life imprisonment.

On the night of June 15, 1972, appellant took the purse of Mrs. Tessie Lee Compton at gunpoint on the steps of the Greater Progressive Church of God and Christ in Fort Worth. The purse contained money and, among other things, a money order payable to a mortgage company. The appellant was arrested two days later attempting to get a refund on the purloined money order.

Appellant was indicted for the offense of robbery by assault with a firearm, robbery by assault, and for being an habitual criminal. The State abandoned the first count of the indictment charging robbery by assault with a firearm and proceeded to trial on the second count charging robbery by assault and habitual criminal. The jury found the appellant guilty of robbery by assault and also found that he had twice before been convicted of felonies less than capital. The appellant testified in his own behalf and the jury rejected his attempt to establish an alibi. The sufficiency of the evidence is not here challenged.

The two grounds of error submitted by appellant are that the trial court erred in allowing the State to proceed to trial on the second count of the indictment charging robbery by assault after allowing the State to abandon the first count charging robbery by assault with a firearm and in not quashing that portion of the indictment alleging the previous offenses. Further, appellant contends that the trial court erred in excluding testimony that appellant had been awarded $2500.00 from a workmen's compensation claim less than a month before the robbery and had received $1500.10 of the award for himself.

■ Appellant's second ground of error is without merit and is overruled. Appellant Zachary was allowed to testify that he had received from his lawsuit the sum of $1500.10 and the disposition he had made of the money. The testimony of appellant's mother and his attorney relative to the settlement would have been repetitious.

■ Disposition of appellant's first ground of error is controlled by Bradley v. State, 456 S.W.2d 923 (Tex.Cr.App.1970). There this court specifically approved the procedure followed by the State in the present case. In Bradley, the appellate record reflected that the indictment alleged the capital offense of robbery by assault with a firearm in the first count and alleged in the second and third paragraphs of the indictment two prior non-capital felony convictions for enhancement. · The State waived the capital feature of the first count of the indictment and tried the appellant on the amended first count alone for the ordinary offense of robbery. While this court found no reversible error in the procedure followed in Bradley, it was suggested that . . . . "It would have been better practice to have pleaded robbery by assault with a firearm in the first count, charged the same offense as ordinary robbery in the second count followed by paragraphs alleging the prior non-capital felony convictions for enhancement." In the footnote in Bradley, supra, at page 925 the procedure followed by the State in the present case was specifically approved; that is, that the State could elect to waive the first count of the indictment alleging robbery by assault with a firearm and proceed on the second count

of the indictment alleging the non-capital felony offense of robbery in conjunction with the prior convictions alleged for enhancement of punishment, "under Article 63, V.A.P.C., or under Article 62, V.A.P.C., if the nature of the prior conviction permitted." The fact that the State may have proceeded to trial on the second count "without the agreement of the defendant" is of no consequence, since the State, and not the defendant, has the right of election when an election is required. If that right belongs to the State, there can be no error just because appellant objects thereto or does not agree with the election. 1 Branch's Anno. Penal Code, 2d Ed. Sec. 463. In the instant case, the record does not reflect that appellant objected to the procedure utilized by the State, though it is clear that he did not agree to the election made or the procedure utilized.

Appellant's grounds of error are overruled. The judgment is affirmed.

Opinion approved by the Court.