**Darrell Gene HOLLAND, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 2-81-006-CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 21, 1981.

Pete Gilfeather, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for state.

Before HUGHES, JORDAN and BROWN, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from a conviction for theft over $200.00 and under $10,000.00. Punishment was assessed by the jury at five years confinement in the Texas Department of Corrections.

We affirm.

From the record we learn that the evidence presented at appellant's trial consisted primarily of three videotapes made by undercover police within twenty-four hours of theft of a motorhome. One of these videotapes shows appellant and one Michael Herndon conversing with and attempting to negotiate the sale of the stolen motorhome to undercover police agents. The motorhome was recovered by police before the sale for it by appellant and Herndon could be consummated.

The Fort Worth police were working with the F.B.I. in a joint crime project code named "Operation Westwind." As part of Operation Westwind, the police had established a "business" out of a warehouse located at 2301 East 4th Street in Fort Worth. Operating out of this location, the undercover police and F.B.I. agents posed as "fences" to buy and sell the stolen property. They would take phone calls and arrange a meeting to buy stolen property. The callers would come to the warehouse at 2301 East 4th Street and sell, or attempt to sell, the goods while the police videotaped the entire transaction.

The first videotape introduced into evidence as State's exhibit number 1 shows appellant and Herndon arriving at the warehouse about 11:00 a. m. on August 16, 1977 and also shows Herndon inside the warehouse discussing a sale of the stolen motorhome with the undercover agents. State's exhibit number 2, another videotape, shows an individual identified as appellant by one of the agents, take keys out of his pocket, unlock the motorhome, get inside, and later drive away. Testimony showed that this motorhome was stolen on August 16, 1977 from the Holiday Lincoln-Mercury sales lot in Fort Worth. Officer D. B. Gurland of the Fort Worth Police Department, one of the undercover agents involved in this project, testified that he personally witnessed appellant behind the wheel of the motorhome identified as the one stolen from the Holiday Lincoln-Mercury lot on the morning of August 16, 1977 at the project warehouse at 2301 East 4th Street.

The motorhome was "picked up" by police from a lot at the Seminary South Shopping Center while appellant, Herndon, and Officer Gurland, parked in Gurland's automobile nearby, watched the motorhome being recovered. Later that afternoon appellant and Herndon were each given $50.00 by Officer Gurland, still posing as a "fence," "for their trouble."

State's exhibit number 3 was the third videotape which showed Herndon and appellant meeting again with Officer Gurland at the warehouse at 2301 East 4th Street. At this meeting the three discussed the pickup of the motorhome by police earlier that day and discussed also future possible thefts by appellant and Herndon.

The evidence against appellant was mostly circumstantial and a charge on circumstantial evidence was given by the court.

Appellant urges four grounds of error. All are overruled and the judgment of the trial court is affirmed.

By his first ground of error, appellant says he was unfairly surprised by the introduction of the third videotape, State's exhibit number 3, and that the court therefore erred in refusing his motion for contin-

uance made at that time. While appellant knew of the existence of the first two videotapes, because of a discovery motion, he did not know, and in fact the State did not know, of the existence of the third videotape until the morning of trial. Appellant admits that the State did not know of this tape until about two minutes before he did, and about one and one-half hours before trial commenced.

Appellant says that he needed additional time to prepare a defense to the third tape, but he did not allege that a continuance would have produced an additional witness or additional proof in defense of the evidence shown by that tape. Also, it should be noted that while appellant obviously did not know that his appearance at the warehouse with Herndon and Officer Gurland on the evening of August 16, 1981 was being videotaped, his actual presence on that occasion was peculiarly within his own knowledge. He did know that there were two other tapes of events earlier on August 16. No prejudice in the introduction of this tape or the overruling of the motion for continuance is shown. A ruling on a motion for continuance based on surprise is within the sound discretion of the trial court and that ruling will not be reversed unless an abuse of that discretion is shown. *Cooper v. State*, 509 S.W.2d 565 (Tex.Crim.App.1974); *Guerrero v. State*, 487 S.W.2d 729 (Tex.Crim.App.1972). No abuse of discretion is shown here.

Each of the three videotapes contained statements of Michael Herndon which were detrimental and harmful to appellant. Since it was stipulated that Herndon, if called as a defense witness, would claim his fifth amendment right not to testify against himself, appellant says he was deprived of the right to confront the witnesses against him, in violation of his rights under the sixth amendment to the Federal Constitution and his rights under Tex. Const. art. I, sec. 10. This same contention was made and rejected in *Matter of Bates*, 555 S.W.2d 420 (Tex.1977) and in *Morgan v. State*, 519 S.W.2d 449 (Tex.Crim.App.1975). The law is that if the testimony is from a

co-conspirator made during the course of the conspiracy, it is admissible and that sixth amendment rights are not violated. There is more than ample evidence in this record of a conspiracy between appellant and Michael Herndon in the theft and sale of the motorhome. Some of this evidence is referred to above. This ground of error is overruled.

Appellant's penultimate ground of error contends that the trial court erred in admitting the three videotapes into evidence because the proper chain of custody of these tapes was not shown. This ground of error is not well taken. In *Edwards v. State*, 551 S.W.2d 731 (Tex.Crim.App.1977), the court established a seven element predicate for the admission of sound recordings in criminal cases. It must be shown that the recording device was capable of taking testimony, that the operator of the device was competent, that tape recording of conversation with the defendant was authentic, that the tape had not been altered or tampered with, that conversation with defendant on the tape was voluntarily elicited and was made without inducement, that the manner of preservation of the tape was shown, and that the identity of the speakers on the tape are established.

The court in *Edwards, supra* also held that at least some of these requirements can be inferred from the testimony and need not be shown with the same particularly required for admission of other mechanically acquired evidence, such as the results of a breathalyzer test. "For example," the court said, "if a person who is in a position to hear a conversation testifies that he made a tape recording of that conversation and that he had listened to the tape recording and found it to coincide with what he heard the parties say, then it goes without saying that the recording device was 'capable of taking testimony' and that the 'operator of the device was competent.' The voluntary nature of the conversation can also be inferred from the facts and circumstances of each case." *Id.* at 733. This language is particularly applicable to the case at hand and from this record we

are able to say that all of the *Edwards* requirements were either testified to directly or by inference.

In *Roy v. State*, 608 S.W.2d 645 (Tex. Crim.App.1980), the seven point predicate necessary for admission of sound recordings, established in *Edwards, supra* was held applicable to the admission of videotapes.

There was testimony that all of the tapes portrayed the events or transactions they purported to and that there had been no alterations, additions, or deletions to the tapes since they were made. A witness also testified that the operator of the videotape equipment had had training in the use thereof and that the tapes had been in the possession of the Fort Worth Police Department since they were produced. From this and other testimony, we hold that the *Edwards, supra* and *Roy, supra* requirements were met.

Appellant's ground of error that the tapes were improperly admitted is also overruled.

 Appellant's fourth ground of error asserts that there was insufficient evidence of his guilt to support the conviction for theft. The point is not well taken. There was ample evidence, though circumstantial, to support the jury's finding that the appellant was involved in the theft of the motorhome. The testimony of several officers, as well as the three tapes introduced in evidence, put appellant behind the wheel of this vehicle the day after it was stolen. The tapes, as well as the testimony of Officer Gurland, showed him in conversations regarding the stolen motorhome with Michael Herndon and Officer Gurland. He accepted $50.00 for his efforts in the theft of the vehicle, which could not be sold to the undercover agent, Gurland, because the motorhome had been picked up by the police, while appellant, Herndon, and Gurland observed from a place nearby in Gurland's car. This is just part of the testimony which very successfully linked appellant to the stolen vehicle.

An inference or presumption of theft sufficient to sustain a conviction therefor may arise from the accused's possession of recently stolen property. Before such a presumption may arise, however, it must be shown that such possession is personal, is recent, is unexplained, and involves a distinct and conscious assertion of right to the property by the accused. *Rodriques v. State*, 549 S.W.2d 747 (Tex.Crim.App. 1977); *Crain v. State*, 529 S.W.2d 774 (Tex. Crim.App.1975). All of these elements are shown by the evidence in this case.

All grounds of error are overrule and the judgment of the trial court is affirmed.