Oscar **TOLBERT, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0690–CR.

Court of Appeals of Texas, Houston (1st Dist.)

Sept. 12, 1985.

Gerald M. Brown, Temple, for appellant.

Charles J. Sebesta, Jr., Burleson County Dist. Atty., Caldwell, for appellee.

Before DUGGAN, LEVY and WARREN, JJ.

## OPINION

WARREN, Justice.

Appellant was tried by the court and convicted of aggravated sexual assault of a child younger than 14 years old. The court assessed punishment at 40 years confinement. Appellant brings four grounds of error challenging the constitutionality of article 38.071 of the Code of Criminal Procedure and the admission of a videotaped interview of the complainant. We affirm.

On May 16, 1984, appellant was indicted in Burleson County for the offense of aggravated sexual assault on a child under sections 22.011(a)(2)(B) and 22.021(a)(5) of the Texas Penal Code. Appellant subsequently filed a motion to suppress a videotape interview of the complainant. Before trial, the court observed the videotape and took the motion to suppress under advisement.

At trial, three witnesses testified: Glenda Johnson, a reserve police officer and the videotape interviewer; the complainant's mother; and the complainant. Officer Johnson testified that she interviewed the complainant twice: on June 8 and on June 26, 1984. The June 8th interview was taperecorded, transcribed, and introduced at trial for the limited purpose of demonstrating the existence of the tape. The court stated it would not consider the taped interview's contents.

Ms. Johnson testified that on June 26, 1984, she interviewed the complainant in a conference room at the Burleson County Courthouse. Only Officer Johnson and the complainant were present during the interview. The interview was videotaped and the voices were identified on the tape. Officer Johnson also testified that an affidavit (oath) was made in conjunction with the taking of the tape.

The complainant's mother testified that she was the wife of the appellant at the time of trial. She lived with her husband, daughter, and other children in Caldwell, Texas, from 1982 until March of 1984. She then separated from her husband and moved with her children to her mother's house in Somerville, Texas. The complainant later related events concerning the offense to her grandmother in Somerville.

The complainant was called by the prosecution as the state's final witness. The court found the complainant, an 11 year old female at the time of trial, competent to testify. On direct examination complainant confirmed that appellant committed certain acts discussed in the videotape. Defense counsel then cross-examined her. Counsel's questions included inquiries about the date of the offense, whether she told the truth, and whether she had been instructed by her mother to testify as she did.

After the complainant completed her testimony, the state offered the videotaped interview into evidence. Appellant renewed the objections made in his motion to suppress and stressed that section 38.071, subsection 2, of the Code of Criminal Procedure requires that the videotape be taken "before the proceeding begins." The trial court admitted the videotape over objection.

■ In his first three grounds of error, appellant attacks the constitutionality of article 38.071 of the Code of Criminal Procedure as violative of the right to confront witnesses as well as the right to effective assistance of counsel guaranteed by the United States and Texas Constitutions. We will reach the constitutional issues only if the case may not be decided on any other ground. *Smith v. State*, 658 S.W.2d 172, 174 (Tex.Crim.App.1983).

In his last ground of error, appellant argues that the court erred in admitting the videotape because one of the statutory requirements of article 38.071 was not met: the state failed to allege that the complainant was under 12 years of age.

Tex.Code Crim.P.Ann. art. 38.071, sec. 1 (Vernon Supp.1985) states:

This article applies only to a proceeding in the prosecution of an offense, including but not limited to an offense under Chapter 21, Penal Code, as amended, or Section 43.25, Penal Code, as amended, *alleged* to have been committed against a child 12 years of age or younger, and applies only to the statements or testimony of that child. (Emphasis added).

■ Our sister court in *Jolly v. State*, 681 S.W.2d 689 (Tex.App.—Houston [14th Dist.] 1984, pet. granted), held that article 38.071 does not require that the indictment "allege" that the complainant is under 12. It is sufficient that the court determine that the complainant is under 12 prior to admitting the videotape. *Id.* at 697. We agree with the court of appeals in *Jolly* and hold that whether or not the child is under twelve is relevant to the issue of admissibility of the videotape not to the issue of whether an offense has been alleged under the Penal Code.

In our case, before the court admitted the videotape, the complainant testified that she was 11 years old. This satisfies the statute. Appellant's fourth ground of error is overruled.

In grounds one, two, and three, appellant attacks the constitutionality of article 38.071.[1] Appellant argues that he was denied the opportunity to cross-examine the complainant at the time the videotape was made. As a result, he contends he was denied the right to confront a witness and the right to effective assistance of counsel during the making of the videotape[2] and at

1. Appellant does not contend that the videotape was inadmissible because it was taken after proceedings against him had commenced, nor does he contend that the court erred in refusing him the right of cross-examination immediately after the state had examined the complainant.

2. Appellant's arguments essentially attack the denial of his right to cross-examine the complainant on confrontation grounds. Appellant cited no authority, nor could we find any, requiring the presence of counsel during the interview of a witness under the sixth amendment's "right to counsel" clause.

**798**

trial. We view appellant's three grounds as presenting a single issue: does the sixth amendment require that the appellant be provided an opportunity to conduct cross-examination simultaneously with the taking of the complainant's videotape statement. We hold that it does not.

The challenged portion of the Code states:

Sec. 2(a) The recording of an oral statement of the child made before the proceeding begins is admissible into evidence if:

(1) no attorney for either party was present when the statement was made;

(2) the recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(3) the recording equipment is capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(4) the statement was not made in response to questioning calculated to lead the child to make a particular statement;

(5) every voice on the recording is identified;

(6) the person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(7) the defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) the child is available to testify.

(b) If the electronic recording of the oral statement of a child is admitted into evidence under this section, either party may call the child to testify, and the opposing party may cross-examine the child.

Tex.Code Crim.P.Ann. art. 38.071, sec. 2 (Vernon Supp.1985).

■ In *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), the Supreme Court of the United States held that cross-examination is an indispensible element of confrontation. *Id.* at 406–07, 85 S.Ct. at 1069; *see also Bruton v. United States,* 391 U.S. 123, 126, 88 S.Ct. 1620, 1622, 20 L.Ed.2d 476 (1968). After *Pointer,* the Court began to define the limits of confrontation protections. In *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970),[3] the Court held that the confrontation clause is satisfied when the defendant is given an opportunity to cross-examine the witness either before trial or during trial. In doing so, Justice White noted for the majority:

Viewed historically, then, there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination.

. . . . .

[T]he inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured full and effective cross-examination at the time of trial.

. . . . .

We cannot share the California Supreme Court's view that belated cross-examination can never serve as a constitutionally adequate substitute for cross-examination contemporaneous with the original statement.

. . . . .

Finally, we note that none of our decisions interpreting the Confrontation Clause requires excluding the out-of-

**3.** In *California v. Green,* the California Supreme Court held unconstitutional a California evidence statute allowing admission of a prior inconsistent statement to prove the truth of the prior statement. The Supreme Court reversed, holding that Green's right to confrontation had been satisfied: he had *two* opportunities to cross-examine the witness—one before trial and one at trial.

court statements of a witness who is available and testifying at trial.

*Id.* at 158–61, 90 S.Ct. at 1935–36. The clear import of the *Green* decision is that the requirements of the sixth amendment's confrontation clause are satisfied if the witness is subjected to "full and effective" cross-examination at trial. *See also* Lilly, *Notes on the Confrontation Clause and Ohio v. Roberts,* 36 U.Fla.L.Rev. 207, 219 (1984); Younger, *Confrontation,* 24 Washburn L.J. 1, 7 (1984). Under the rule of *Green,* section 2 of article 38.071 is not *prima facie* violative of the sixth amendment's confrontation clause.

■ In application, however, several problems remain regarding the statute's implications on appellant's confrontation and due process rights. The videotape statute, as applied, may violate due process where the procedures used do not adequately insure fundamental fairness. *See California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984); *see also* Note, *The Testimony of Child Victims in Sex Abuse Prosecution: Two Legislative Proposals,* 98 Harv.L.Rev. 806, 822–26 (1985); Note, *The Sexually Abused Infant Hearsay Exception: A Constitutional Analysis,* 8 J.Juv.L. 59 (1984). In this context, the procedures[4] used in making the videotape may be reviewed to determine whether the evidence is sufficiently reliable to comport with admission of the videotape.

In our case, appellant has failed to point to any evidence in the record demonstrating that the videotape procedure used was improper or that the evidence admitted was unreliable. So there is no showing that the tape's admission denied appellant due process.

In conclusion, we respectfully disagree with our sister court's conclusion in *Long v. State,* 694 S.W.2d 185 (Tex.App.—Dallas, 1985), holding section 2 of article 38.071

prima facie invalid under the United States or Texas Constitution, and instead we follow the reasoning enunciated in *Green v. California* and adhered to by the courts of appeal in *Alexander v. State,* 692 S.W.2d 563 (Tex.App.—Eastland, 1985), and *Jolly v. State,* 681 S.W.2d at 695.

Appellant's first, second, and third grounds of error are overruled and the judgment is affirmed.

---

4. Of some concern is the fact that the statute's only provisions for reliability of the videotape procedure are that the interviewer must (1) be competent to operate the machine and (2) not ask questions calculated to make a particular statement. art. 38.071.2(a)(3) and (4). The ab-

sence of further provisions for reliability, while not ipso facto fatal to the statute, requires the trial court to carefully review the propriety of the procedures when determining the admissibility of the videotape. *See Tezeno v. State,* 484 S.W.2d 374, 378 (Tex.Crim.App.1972).