James David DANIEL, Appellant,

v.

STATE of Texas, State.

No. 2–84–304–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 26, 1986.

Danny Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David K. Chapman, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

## OPINION

ASHWORTH, Justice.

Appellant was convicted by a jury of engaging in organized criminal activity. *See* TEX.PENAL CODE ANN. sec. 71.02 (Vernon Supp.1986). His punishment was assessed by the jury at ten years imprisonment and a fine of $5,000.00.

We affirm.

The Texas Department of Public Safety received information that appellant was dealing drugs in April of 1982. The subsequent investigation of appellant included the use of court-sanctioned wiretaps. *See* TEX.CODE CRIM.PROC.ANN. art. 18.20 (Vernon Supp.1986). D.P.S. Investigator Grady Michael Dunn testified at trial, and numerous wiretap recordings were also admitted into evidence.

■ In his first ground of error appellant contends that TEX.CODE CRIM. PROC.ANN. art. 18.20 (Vernon Supp.1986) is unconstitutional under TEX.CONST. art. I, sec. 9. Appellant recognizes that there is no case law directly on point, and apparently concludes that the absence of case authority relieves him of any obligation to construct an argument in support of his position. We understand appellant's argument to be that the use of a wiretap is an unreasonable search which is strictly forbidden by art. I, sec. 9 of the Texas Constitution. We disagree.

18 U.S.C.A. secs. 2510–2520 (West 1970) known as Title III, are the federal statutes which authorize the enactment of state laws permitting the usage of wiretaps. Article 18.20 adopted the provisions of Title III with only minor revisions. *See* Act of June 1, 1981, ch. 275, sec. 1, 1981 Tex.Sess. Law.Serv. 729 (Vernon). Similarly, art. I, sec. 9 is essentially identical to the Fourth Amendment to the United States Constitution. *See Brown v. State*, 657 S.W.2d 797, 798 (Tex.Crim.App.1983). And Title III has been held not to violate the Fourth Amendment. *See, e.g., United States v. Cox*, 462 F.2d 1293, 1304 (8th Cir.1972), *cert. denied*, 417 U.S. 918, 94 S.Ct. 2623, 41 L.Ed.2d 223 (1974). ("Adequate judicial supervision or protective procedures such as are required by this Act provide the reasonableness which the Fourth Amendment requires.") We adopt the reasoning of the federal courts and hold that art. 18.20 does not violate art. I, sec. 9 of the Texas Constitution. Appellant's first ground of error is overruled.

Appellant next contends that art. 18.20 exceeds the authority granted to the states to establish wiretap laws because it permits the issuance of wiretaps for the investigation of criminal offenses other than those allowed by 18 U.S.C.A. sec. 2516 (West 1970). Appellant points out that the authorizing statute permits the use of wiretaps for the investigation of "the offense of murder, kidnapping, gambling, robbery, bribery, extortion, or dealing in narcotic drugs, marihuana or other dangerous drugs, or other crime dangerous to life, limb, or property, and punishable by imprisonment for more than one year." Appellant then notes that art. 18.20 provides for the issuance of a wiretap order for all felony violations of the Texas Controlled Substances Act or the Texas Dangerous Drugs Act. *See* TEX.REV.CIV.STAT. ANN. arts. 4476–14, 4476–15 (Vernon

1976). Appellant's argument is apparently that there must be some felony offenses under the two Texas acts which fall outside the ambit of sec. 2516. Appellant would therefore have us declare art. 18.20 invalid in its entirety. This we decline to do.

■ When challenging the constitutionality of a statute, it is incumbent upon an appellant to show that in its operation the statute is unconstitutional as to him and his situation. It is not sufficient to show that the statute might be unconstitutional as to others. *Parent v. State,* 621 S.W.2d 796, 797 (Tex.Crim.App.1981).

■ Appellant was indicted for engaging in organized criminal activity by conspiring to commit the offense of manufacture of amphetamines, a felony. *See* TEX.PENAL CODE ANN. sec. 71.02 (Vernon Supp. 1986); TEX.REV.CIV.STAT.ANN. art. 4476-15, sec. 4.02 (Vernon 1976). This offense is clearly within the ambit of sec. 2516; therefore, appellant has no standing to challenge the statute's constitutionality as it applies to other offenses.

■ Under this same ground of error, in a completely unrelated argument, appellant complains that the affidavit exceeds the authority granted by art. 18.20, sec. 4. Appellant contends that the affidavit is invalid because it refers to a possible possession offense and an alleged conspiracy, neither of which was a felony under the Controlled Substances Act. Appellant cites no authority in support of his position, and we are not quite certain that we understand his complaint. Certainly he cannot be complaining that the affidavit gave *too much* information. Rather, we interpret appellant's complaint to be that the affidavit did not show probable cause to believe that a felony was being committed. In any event, the affidavit and warrant are not a part of the record in this case, so nothing is presented for review. *See, e.g., Walsh v. State,* 468 S.W.2d 453, 454 (Tex.Crim.App. 1971). We overrule appellant's second ground of error.

■ In his third ground of error, appellant contends the trial court erred by refusing to instruct the jurors that they must all agree on the same overt act. The charge submitted to the jury a series of overt acts which appellant was alleged to have committed in furtherance of the combination. *See* TEX.PENAL CODE ANN. secs. 71.01–71.02 (Vernon Supp.1986). Appellant objected that unless all the jurors agreed on the specific act or acts which he committed he would be convicted on a less-than-unanimous jury verdict. This contention is without merit.

It is well settled in Texas that it is proper for the jury to be charged disjunctively. *Vasquez v. State,* 665 S.W.2d 484, 486 (Tex. Crim.App.1984); *Vaughn v. State,* 634 S.W.2d 310, 312 (Tex.Crim.App.1982); *McArthur v. State,* 132 Tex.Crim.R. 447, 105 S.W.2d 227, 230 (1937). Appellant did not object to the charge that the evidence was insufficient to support any of the alleged overt acts. *See Vasquez,* 665 S.W.2d at 486; *Vaughn,* 634 S.W.2d at 312. It was therefore proper for the jury to return a general verdict of guilty. *Franklin v. State,* 606 S.W.2d 818, 822 (Tex.Crim.App. 1978). We overrule appellant's third ground of error.

■ In his fourth and eighth grounds of error, appellant contends that the court erred by including in the charge overt acts in which he did not directly participate and which only involve the activity of a single person. Appellant cites TEX.PENAL CODE ANN. sec. 71.01(b) (Vernon Supp. 1986), which he interprets as requiring that each overt act must be performed by at least two people. Section 71.01(b) provides:

"Conspires to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement. An agreement constituting conspiring to commit may be inferred from the acts of the parties.

The charge of the court listed the names of appellant and eleven others who allegedly participated in the combination with him, and required the jury to find that "in pursuance of said agreement, in the furtherance thereof, the said [individually-

named participants] did perform overt acts as set out below: ...." There followed a list of twenty-one overt acts allegedly performed by the various members of the combination. The list, set out disjunctively, included acts allegedly performed by members of the combination other than appellant, as well as acts performed solely by appellant. Appellant objected that these acts did not involve prohibited conduct because the statute only proscribed acts performed by appellant *and* one or more other persons. In other words, appellant contends that an act cannot be performed in furtherance of a combination under sec. 71.02 unless at least two persons cooperate and perform the act together. We disagree.

The definition of "conspires to commit" requires that "that person and one or more of them perform an overt act in pursuance of the agreement." TEX.PENAL CODE ANN. sec. 71.01(b) (Vernon Supp.1986). We interpret the statute to require that two persons each perform one overt act, not that two persons perform *the same* overt act together. A "conspiracy to commit" *may* involve two or more people performing the same overt act together, but it does not require such action. Thus it is proper to submit to the jury all of the overt acts allegedly performed by the combination, as long as at least one overt act involves the defendant and at least one overt act involves another member of the combination. We overrule appellant's fourth and eighth grounds of error.

■ In his fifth and sixth grounds of error, appellant contends that the trial court erred in admitting the tapes of wiretapped conversations over his timely objection that the proper predicate had not been shown. Appellant filed a motion to suppress the tapes, which motion was overruled by the trial court. The predicate for the admission of the tapes into evidence is found in TEX.CODE CRIM.PROC.ANN. art. 18.20, sec. 5 (Vernon Supp.1986) which provides:

> Sec. 5. (a) Only the Department of Public Safety is authorized by this article to own, possess, install, operate, or monitor an electronic, mechanical, or other device. The Department of Public Safety may be assisted by an investigative or law enforcement officer in the operation and monitoring of an interception of wire or oral communications, provided that a commissioned officer of the Department of Public Safety is present at all times.
>
> (b) The director shall designate in writing the commissioned officers of the Department of Public Safety who are responsible for the possession, installation, operation, and monitoring of electronic, mechanical, or other devices for the department.

Officer Dunn testified at the pre-trial suppression hearing that all but one of the people who monitored the wiretaps were officers of the Department of Public Safety and that a commissioned D.P.S. officer was present at all times. The State relies on this pre-trial predicate testimony to support the admission of the evidence at trial. This is permissible, *see Roberts v. State*, 545 S.W.2d 157, 158 (Tex.Crim.App.1977), but appellant correctly points out that the predicate laid was incomplete. There was no testimony, at the suppression hearing or at trial, that the D.P.S. officers involved were designated in writing by the director of the Department of Public Safety. TEX.CODE CRIM.PROC.ANN. art. 18.20, sec. 5(b) (Vernon Supp.1986).

An examination of the record reveals that sec. 5 was never made an issue at the pre-trial hearing, and that art. 18.20 was not even mentioned in the written motion to suppress. At trial, a tape or group of tapes was offered into evidence on six different occasions, with appellant objecting each time. Appellant's objection on four of the six occasions was that "the proper predicate has not been laid pursuant to Article 18.20 of the Texas Code of Criminal Procedure; specifically, but without limitation, Section 10 A, B and D; Section 13, Section 14 and Section 15." Appellant's objection on the remaining two occasions included sec. 5 among the list of uncomplied-with provisions. These objections did not inform either the trial judge or the prosecutor which of the art. 18.20, sec. 5

requirements had specifically not been met. As the Court of Criminal Appeals did in *Quinones v. State*, 592 S.W.2d 933, 944 (Tex.Crim.App.1980), we hold that the objection to admission of the tapes was "too general to preserve error." *Id.* at 944; *see also Bird v. State*, 692 S.W.2d 65, 70 (Tex. Crim.App.1985); *Harris v. State*, 565 S.W.2d 66, 70 (Tex.Crim.App.1978). We overrule appellant's fifth and sixth grounds of error.

■ In his seventh ground of error, appellant argues that the tapes should not have been admitted into evidence because all of the copies of the tapes were not sealed as required by statute. Appellant bases this contention on art. 18.20, sec. 10, which provides:

Sec. 10. (a) The contents of a wire or oral communication intercepted by means authorized by this article shall be recorded on tape, wire, or other comparable device. The recording of the contents of a wire or oral communication under this subsection shall be done in a way that protects the recording from editing or other alterations.

(b) Immediately on the expiration of the period of the order and all extensions, if any, the recordings shall be made available to the judge issuing the order and sealed under his directions. Custody of the recordings shall be wherever the judge orders. The recordings may not be destroyed until at least 10 years after the date of expiration of the order and the last extension, if any. A recording may be destroyed only by order of the judge of competent jurisdiction for the administrative judicial district in which the interception was authorized.

(c) Duplicate recordings may be made for use or disclosure pursuant to Subsections (a) and (b), Section 7, of this article for investigations.

(d) The presence of the seal required by Subsection (b) of this section or a satisfactory explanation of its absence is a prerequisite for the use or disclosure of the contents of a wire or oral communication or evidence derived from the communication under Subsection (c), Section 7, of this article.

Officer Dunn testified that each wiretap was recorded in quadruplicate. The original was made for the court, and it and one other copy were immediately sealed and properly preserved. The remaining two copies were made for use by the Department of Public Safety. Only the original sealed recording was played at trial. We hold that the State properly complied with art. 18.20, sec. 10, and that the creation and use of two unsealed copies by the Department of Public Safety was authorized by sec. 10(c). Appellant's seventh ground of error is overruled.

Appellant's final two grounds of error both complain that the evidence is insufficient to sustain the allegation of the indictment that the conspirators agreed to deliver amphetamines "to persons unknown to the grand jury."

■ The indictment in this case alleged that appellant engaged in organized criminal activity by (a) conspiring to commit the offense of unlawful manufacture of a controlled substance, and (b) conspiring to commit the offense of unlawful delivery of a controlled substance. The *charge*, however, submitted only the "unlawful manufacture" count. This is a perfectly permissible practice. The State has the right of election. *Zachary v. State*, 505 S.W.2d 875, 877 (Tex.Crim.App.1974). And because the State proceeded only on the "unlawful manufacture" count, the prosecutor did not have to prove the elements of unlawful delivery. *See, e.g., Sparks v. State*, 626 S.W.2d 187, 188 (Tex.App.—Fort Worth 1981, no pet.). Appellant's ninth and tenth grounds of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.