Freddie Lee CLARK, Appellant,

v.

The STATE of Texas, State.

No. 2–85–239–CR.

Court of Appeals of Texas,
Fort Worth.

April 30, 1987.

Thomas L.G. Ross, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., and David K. Chapman, Asst., Fort Worth, for appellee.

## OPINION

HILL, Justice.

In accordance with TEX.R.APP.P. 101, we hereby correct the previous opinion and judgment of this court. We hereby withdraw our prior unpublished opinion and judgment of March 18, 1987.

Freddie Lee Clark appeals his conviction by a jury of the offense of aggravated sexual assault. *See* TEX.PENAL CODE ANN. sec. 22.021(a)(5) (Vernon Supp.1987). The jury assessed his punishment, enhanced by two prior felony convictions, at life imprisonment in the Texas Department of Corrections. Clark presents four points of error.

We affirm.

■ In his first and second points of error, Clark raises the issue of the constitutionality of the State's use of a videotape of the complainant, as authorized by TEX. CODE CRIM.PROC.ANN. art. 38.071 (Vernon Supp.1987). We may not reach the question of the constitutionality of a statute unless a decision on its constitutionality is absolutely necessary for a decision of the case. *Smith v. State*, 658 S.W.2d 172, 174 (Tex.Crim.App.1983). We shall therefore first consider Clark's remaining points of error.

■ In his third point of error Clark complains that the videotape was not admissible into evidence because the tape was not made by a technician competent in the operation of electronic video recorders. Admissibility of videotapes into evidence must meet the same standards of reliability and accuracy as other sound recordings. *Roy v. State*, 608 S.W.2d 645, 649 (Tex. Crim.App.1980).

These standards were first applied to criminal cases in *Edwards v. State*, 551 S.W.2d 731 (Tex.Crim.App.1977):

'The cases are in general agreement as to what constitutes a proper foundation for the admission of a sound recording. They also indicate a reasonably strict adherence to the rules prescribed for testing the admissibility of recordings, which have been outlined as follows: (1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.'

*Id.* at 733.

In *Edwards*, the court further held that some of these requirements can be inferred from testimony, including the competency of the operator. *Id.*

■ Jacky Paul Smith, the videotape operator, testified he was an eight year police officer, with a specialization in child sexual and physical assault cases. As a part of his job, he videotaped about twenty to thirty child victims per month. He testified that the videotape equipment he used to interview the victim in this case was competent and accurate. Although he has had no special training for operating video equipment, Smith testified that he had reviewed the basic operating procedures for the equipment when his office received the equipment about three years ago, and that he was familiar with the operating instructions.

After reviewing Smith's testimony, we hold it supports the inference that he was competent to operate the videotape equipment. *See Holland v. State*, 622 S.W.2d 904, 906 (Tex.App.—Fort Worth 1981, no pet.). We overrule point of error number three.

■ In point of error number four, Clark complains the caption to S.B. 37, concerning jury instructions about parole and good time credit does not comply with TEX.

CONST. art. III, sec. 35 because the caption does not inform the reader that section 4(d) prohibits introduction of evidence on the operation of parole and good conduct time laws. *See* TEX.CODE CRIM.PROC. ANN. art. 37.07 sec. 4(d) (Vernon Supp. 1987).

This point of error has been precluded by the passage of an amendment to article III, section 35 of the Texas Constitution on November 4, 1986 as discussed by the Court of Criminal Appeals in its opinion in *Baggett v. State*, 722 S.W.2d 700, 701–02 (Tex.Crim.App.1987). The Court noted that as a result of the recent amendment it no longer has the power to declare an act of the legislature unconstitutional due to the insufficiency of the caption, consequently this court likewise is without such power. We overrule point of error number four.

█ In point of error number one, Clark urges that the presentation of the complainant's videotaped testimony to the jury violated his right to be confronted by the witnesses against him, a right guaranteed by the sixth amendment to the United States Constitution and by TEX.CONST. art. I, sec. 10.

The complainant was called to the stand by the State. He testified that the statements he made in the videotape were true. He gave certain additional testimony, but did not testify at trial concerning the specific act of oral intercourse with which Clark was charged. The child was subjected to cross-examination and, after re-direct questioning by the State, to re-cross-examination.

The confrontation clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to a full and effective cross-examination. *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Although the *Green* case deals with a prior out-of-court declaration which was inconsistent with trial testimony, we find that an overall reading of the case would justify the same result in the case at bar. *See Walker v. State*, 473 S.W.2d 497, 499 (Tex.Crim.App. 1971).

Clark does not refer us to any United States Supreme Court or Texas Court of Criminal Appeals opinions which express a contrary conclusion. The facts in this case are distinguishable from two of this court's prior opinions in cases arising under the videotape statute, *Buckner v. State*, 719 S.W.2d 644 (Tex.App.—Fort Worth 1986, pet. pending) and *Romines v. State*, 717 S.W.2d 745 (Tex.App.—Fort Worth 1986, pet. pending), and are also distinguishable from the opinion of the Dallas Court of Appeals, *Long v. State*, 694 S.W.2d 185 (Tex.App.—Dallas 1985, pet. granted), in that in none of those cases was the complainant who appeared in the videotape first called by the State as a witness and then tendered to the defendant for cross-examination. We do not find the procedure followed in the case at bar to be a violation of Clark's right of confrontation because the complainant was present, was called by the State and testified, and was subjected to a full and effective cross-examination. We disavow any dicta in *Buckner* or *Romines* which is inconsistent with this opinion. We would not agree with any statement in *Long* which might be construed as inconsistent with this opinion.

█ In point of error number two, Clark complains that TEX.CODE CRIM.PROC. ANN. art. 38.071 deprives him of the right to a fair trial because it forces him to a choice of sacrificing cross-examination or to call a child-witness to testify before the jury.

When challenging the constitutionality of a statute, it is incumbent upon the appellant to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient. *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim.App. 1981); *Daniel v. State*, 704 S.W.2d 952, 954 (Tex.App.—Fort Worth 1986, no pet.). As we have previously noted, Clark, unlike the defendants in *Bucker, Romines,* and *Long*, was not put to the choice of sacrificing cross-examination or calling a child-witness to testify before the jury, because in the case at bar the State, not Clark, called the witness to testify. We hold that the stat-

ute as applied in this case did not deprive Clark of a fair trial. We overrule point of error number two.

The judgment is affirmed.

JOE SPURLOCK, II, J., concurs.

KELTNER and LATTIMORE, JJ., filed concurring opinions.

FARRIS, J., filed a dissenting opinion.

KELTNER, Justice, concurring.

I concur with the result reached by the majority, that article 38.071, section 2 was applied in a constitutional manner in this case. TEX.CODE CRIM.PROC.ANN. art. 38.071, sec. 2 (Vernon Supp.1987). However, I would hold that article 38.071, section 2 is constitutional and overrule this court's holdings in two cases. *Buckner v. State,* 719 S.W.2d 644, 650–51 (Tex.App.— Fort Worth 1986, pet. pending); *Romines v. State,* 717 S.W.2d 745, 749 (Tex.App.— Fort Worth 1986, pet. pending).

The majority of our court has previously held that section 2 is unconstitutional. Specifically, our court held that section 2 does not provide the accused with the right of confrontation and cross-examination, because the criminal defendant is required to either call the child-victim to testify, incurring the jury's possible wrath, or forego his right to cross-examination of his accuser. *Buckner,* 719 S.W.2d at 650–51; *Romines,* 717 S.W.2d at 745. Our court also held that the statute violates a defendant's sixth amendment right to confrontation by failure to allow cross-examination contemporaneous with the videotaped statement. *Buckner,* 719 S.W.2d at 650; *Romines,* 717 S.W.2d at 752–53. Both *Buckner* and *Romines* were heard by en banc panels of our court.

The majority of this panel finds that *Buckner* and *Romines* presented distinguishing facts from the instant case. Specifically, the majority holds that article 38.-071, section 2 was not unconstitutionally applied in this case because unlike the facts in *Buckner* and *Romines,* the State called the complainant to the stand to testify after the videotape was shown. Thereafter, the complainant was subjected to cross-examination. These facts are clearly distinguishable from *Buckner* and *Romines,* which rule the statute denies the defendant due process of law because it compels him to " 'forego either his right of confrontation or his right to remain passive.' " *Buckner,* 719 S.W.2d at 650; *Romines,* 717 S.W.2d at 752.

However, I would go further and hold that the defendant's right to confrontation and due process is not violated by article 38.071, section 2 regardless if the State calls the defendant to testify. Instead, I believe the statute is applied constitutionally regardless of whether the complainant is called to testify by the State. Instead, I would apply the logic reached by our sister courts which hold that if the defendant does not choose to call the complainant to the stand, he cannot complain on appeal that his constitutional right of confrontation by cross-examination was violated. *Newman v. State,* 700 S.W.2d 307, 312 (Tex.App.—Houston [1st Dist.] 1985, pet. granted); *Jolly v. State,* 681 S.W.2d 689, 695 (Tex.App.—Houston [14th Dist.] 1984, pet. granted). The statute requires that the child must be available to the defendant for live testimony.

Additionally, I would hold that the defendant's right to confrontation is not violated by article 38.071, section 2 because the defendant is denied cross-examination contemporaneous with the taped statement.

I believe that the United States Supreme Court holding in *California v. Green* is controlling on this issue. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). In *Green,* Justice White in writing for the majority stated:

Viewed historically, then, there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination.

*Id.* 399 U.S. at 158, 90 S.Ct. at 1935, 26 L.Ed.2d at 497.

Justice White's opinion also addressed the right to cross-examination that arises after a declarant's out-of-court statements were admitted. Justice White held:

> [T]he inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured full and effective cross-examination at the time of trial.... We cannot share the California Supreme Court's view that belated cross-examination can never serve as a constitutionally adequate substitute for cross-examination contemporaneous with the original statement.

*Id.* 399 U.S. at 159, 90 S.Ct. at 1935, 26 L.Ed.2d at 497. Justice Farris criticizes my reliance on *Green.* However, our sister courts in Austin, Houston (1st District), Beaumont and Texarkana have relied on *Green* in their decisions holding the statute constitutional. *Pierce v. State,* 724 S.W.2d 928, 929 (Tex.App.—Austin 1987, no pet.); *Whittemore v. State,* 712 S.W.2d 607, 610 (Tex.App.—Beaumont 1986, pet. pending); *Mallory v. State,* 699 S.W.2d 946, 949 (Tex. App.—Texarkana 1985, pet. granted); *Tolbert v. State,* 697 S.W.2d 795, 798 (Tex. App.—Houston [1st Dist.] 1985, pet. granted).

I must note article 38.071 has a number of safeguards. A videotape is admissible only if no attorney for either party is present when the statement is made; leading questions are not asked; every voice on the recording is identified (presumably both on and off camera); the person conducting the interview is present at the trial and available to testify for cross-examination purposes; the defense attorney is afforded an opportunity to view the recording; and the child is available to testify at the trial of the proceeding. TEX.CODE CRIM. PROC.ANN. art. 38.071, sec. 2.

In short, the legislature recognized a need for this legislation.[1] The child victim is often victimized again in our courtrooms.[2] The legislature attempted to fashion a procedure in which a child victim is not required to undergo the intimidating experience of being confronted with an adult suspect.[3] Section 2 represents an effort to balance the rights of the victim with the right of an accused to a fair trial. With the use of new technology, I believe the legislature has fashioned a fair process that respects the rights of those accused while protecting the rights of victims.

This is not to say that the application of article 38.071 will be trouble free. To the contrary, the application of the statute may, in some cases, violate due process where procedures do not adequately insure

1. Sexual abuse is a growing problem in our nation. *Comment, Article 38.071 of the Texas Code of Criminal Procedure: A Legislative Response to the Needs of Children in the Courtroom,* 18 ST. MARY'S L.J. 279, 281 (1986). In fact, one source contends that child abuse occurs every four minutes. Wenck, *Sexual Child Abuse: An American Shame That Can Be Changed,* 12 CAP.U.L.REV. 355, 356 (1983). Almost half of the instances of child abuse include sexual offenses. *Id.*

2. The child victim's testimony is necessary to prosecute sexual offense crimes. However, our criminal justice system is not conducive to a child's participation. The child must tell the story of abuse many times, sometimes in intimidating circumstances. *Comment, Article 38.071 of the Texas Code of Criminal Procedure: A Legislative Response to the Needs of Children in the Courtroom,* 18 ST. MARY'S L.J. 279, 295–300 (1986).

In fact, the American Bar Association has recommended that children be used in grand jury hearings and other preliminary hearings only if necessary because of the traumatic effects of the courthouse on the child. *American Legal Resource Center for Child Advocacy and Protection Recommendations for Improving Legal Intervention in Intra-Family Child Sex Abuse Cases,* section 14.4 (1982).

3. Article 38.071 is one of the first legislative efforts in the country to come to grips with the child victims' problems. Note: *Televised Testimony vs. The Confrontation Clause ... The Use of Videotapes in the Prosecution of Child Sexual Abuse,* 23 HOUS.L.REV. 1215, 1217–18 (1986). Kentucky quickly followed suit, using the Texas statute as its model. KY.REV.STAT. sec. 421.-350 (Supp.1984). Currently, at least 17 states have enacted videotape statutes. Debate on Tex. S.B. 836, 68th Leg., tape 1 (May 11, 1983). Note: *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations,* 98 HARV.L.REV. 806, 813 (1985).

fundamental fairness.[4] *Tolbert,* 697 S.W.2d at 799. However, I trust that the trial courts of Texas will intervene so that the procedures used in making the video-tape may be reviewed to determine if the evidence is sufficiently reliable and fairly presented so as to assure a fair trial.

As a result, I concur with the majority's opinion.

BURDOCK, J., concurs.

LATTIMORE, Justice, concurring.

I concur in the results reached in this case by Judge Hill and Judge Keltner.

The legislature in TEX.CODE CRIM. PROC.ANN. art. 38.071, sec. 2 (Vernon Supp.1987) has created a constitutional means of balancing the need to obtain the evidence provided by children under circumstances that tend to protect the child from coercive or suggestive pressure but provide the defendant with the constitutional guarantees of "confrontation".

Not all hearsay evidence is bad evidence. It is up to the legislature by legislation and the courts under their rule-making power to set the standards for admissibility of evidence. The legislature has properly played its part here. The trial court properly admitted the evidence complained of. There is no want of intrinsic fairplay on the part of the trial court.

No opinion is here expressed on the validity of the decisions in *Buckner* and *Romines.*

I would affirm the trial court.

FARRIS, Justice, dissenting.

I respectfully dissent.

I dissent for the reasons stated in *Buckner v. State,* 719 S.W.2d 644 (Tex.App.—Fort Worth 1986, pet. pending) and *Romines v. State,* 717 S.W.2d 745 (Tex.App.—Fort Worth 1986, pet. pending).

I find curious the reliance of my brother justices on *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). *Green* involved the admission of a prior inconsistent statement of a witness. In *Green,* the State was apparently surprised by the inconsistency of the witness's trial testimony with that testimony he had given at an earlier pre-trial hearing of the same case. The earlier pre-trial hearing was conducted before a judicial tribunal, the accused was represented in the pre-trial hearing by the same counsel who later represented him at the trial, and the accused had every opportunity to cross-examine the witness at the pre-trial hearing. In the instant case the videotaped testimony was recorded three months before the appellant was indicted.

TEX.CODE CRIM.PROC.ANN. art. 38.071 (Vernon Supp.1987), the statute which Justice Keltner would find constitutional, requires that the videotape be made outside the presence of the accused and his attorney. No judicial tribunal is afforded an opportunity to protect the rights of the accused. It would be difficult to imagine a greater contrast than that between the facts of *Green* and of those of the instant case. Justice Keltner quotes Justice White in *Green* as stating that the Supreme Court could not share the view that belated cross-examination can never serve as a constitutionally adequate substitute for cross-examination contemporaneous with the original statement. Upon further reading one must note that Justice White was speaking in the context of the facts of the *Green* case. The importance of the facts in *Green* to Justice White's decision is made obvious in his discussion of *Barber v. Page,* 390 U.S. 719, 725–26, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255, 260 (1968); *Pointer v. Texas,* 380 U.S. 400, 407, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923, 928 (1965); and *Mattox v. United States,* 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). Justice White quotes the court in *Pointer v. Texas,* as noting that:

'[t]he case before us would be quite a different one had [the witness's] statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine.'

*Green,* 399 U.S. at 165–66, 90 S.Ct. at 1939, 26 L.Ed.2d at 501.

---

**4.** For example, if it is discovered that the State made a number of videotapes of the child and chose to show only the best one, the defendant's rights to a fair trial would be violated.

As we noted in *Buckner*, the procedure mandated by article 38.071 precludes the necessary indicia of reliability present in *Green* and which would have been present in *Pointer* provided the witness's statement had been taken at a full-fledged hearing at which the accused was represented by counsel and afforded a complete and adequate opportunity to cross-examine. *See Buckner*, 719 S.W.2d at 650.

Finally, I must note my disagreement and dissent from the opinion of Justice Hill. As noted, the videotape recording was made at a time prior to the indictment of the appellant, without any court supervision and without the opportunity for either the appellant or an attorney representing appellant to be present, to object to the manner of the taking and recording of testimony or to cross-examine the witness. This is not to say that the admission of deposition testimony is necessarily violative of an accused's right to confrontation or that a court cannot structure a witness's appearance or limit cross-examination in a reasonable manner designed to afford protection to the witness as well as to the rights of the accused. Clearly, upon a *showing of necessity,* an accused's right of confrontation must give way so that the rights of the public shall not be sacrificed. *See Mattox,* 156 U.S. at 243, 15 S.Ct. at 339–40, 39 L.Ed. at 411. As we noted in *Buckner,* facts may require that an accused's right of in-court confrontation with a child victim give way to the State's greater compelling interest. *Buckner,* 719 S.W.2d at 650. Rather, I dissent because article 38.071 allows the admission in evidence of videotaped testimony recorded prior to formal accusation of the accused, without any judicial supervision or control, and mandates that the testimony be recorded outside the presence of an attorney for the accused; and all of this occurs without any judicial determination of necessity.

FENDER, C.J., concurs.