**Freddie Lee CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 612-87.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 16, 1987.

On Rehearing June 29, 1988.

Thomas L.G. Ross, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and David K. Chapman, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of aggravated sexual assault and assessed punishment at confinement for life, after finding the enhancement allegations to be true.

The Fort Worth Court of Appeals affirmed the conviction, *Clark v. State*, 728 S.W.2d 484 (Tex.App.—Ft. Worth 1987). The Court held that appellant's right to confrontation guaranteed him by the Sixth Amendment to the United States Constitution and by Article I, Sec. 10 of the Texas Constitution, was not violated by introduction of a videotaped interview, in accord with Art. 38.071, Sec. 2, V.A.C.C.P., between the child-complainant and a police officer concerning appellant's sexual acts with the child. Appellant filed this petition for discretionary review contending that his right to confrontation was denied by introduction of the videotape.

Recently, this Court found that Art. 38.-071, Sec. 2, is an unconstitutional deprivation of a defendant's right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, Sec. 10 of the Texas Constitution. *Long v. State*, 742 S.W.2d 302 (1987). In accord with that holding, we grant appellant's petition for discretionary review, vacate the judgment of affirmance by the Court of Appeals, and remand this case to the Court of Appeals to determine the harmfulness of the introduction of the videotape in light of the entire record of the trial.

ONION, P.J., dissents to the remand.

## OPINION ON COURT'S OWN MOTION FOR REHEARING

McCORMICK, Judge.

Appellant was convicted by a jury of aggravated sexual assault and the jury assessed punishment, enhanced by two prior felony convictions, at life imprisonment in the Texas Department of Corrections.

At trial, over appellant's objection, the videotaped testimony of the seven year old child victim was introduced as then authorized by Article 38.071, V.A.C.C.P. The Court of Appeals affirmed the conviction. *Clark v. State*, 728 S.W.2d 484 (Tex.App.— Ft. Worth 1987). We vacate that judgment and remand the cause to the Court of Appeals.

In his appeal, appellant claimed the admission of the videotaped testimony violated his right to confrontation guaranteed him under the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution.

In an opinion subsequent to this case, we found Article 38.071, Section 2, supra, unconstitutional in that it denied a defendant the right of confrontation as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Texas Constitution. *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), cert. denied — U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (43 Cr.L.Rep. 4001, April 6, 1988).

Additionally, this Court recently held that errors such as those in *Long* were subject to harmless error analysis as required by the Texas Rules of Appellate Procedure, Rule 81(b)(2). *Mallory v. State*, 752 S.W.2d 566 (Tex.Cr.App.1988). In this case no harm analysis was performed.

Therefore, the judgment of the Court of Appeals is vacated and the case is remand-

ed to that court to consider appellant's points of error in light of *Long* and *Mallory*.

ONION, P.J., dissents to the remand.